Erica K. Rocush, SB # 021297
Erica.Rocush@lewisbrisbois.com
John J. Daller, SB # 034016
John.Daller@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendants Campbell County, Wyoming; Scott D. Matheny, in his personal capacity and his official capacity as Sheriff of Campbell County, Wyoming Sheriff's Office; Charlene Rae Edwards, in her personal capacity and her official capacity as Counsel for Campbell County, Wyoming Sheriff's Office*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| David M. Lauck,<br><br>Plaintiff,<br><br>vs.<br><br>Campbell County, Wyoming, a jural entity; Scott D. Matheny, in both his personal capacity and his official capacity as Sheriff of Campbell County, Wyoming Sheriff's Office; Charlene Rae Edwards, in both her personal capacity and her official capacity as Counsel for Campbell County, Wyoming Sheriff's Office; Black Diamond Investigation and Security Inc., a Wyoming corporation; Does 1, 2 and 3,<br><br>Defendants. | No. P-1300-CV-202000981<br><br>**DEFENDANTS CAMPBELL COUNTY'S, SCOTT D. MATHENY'S, AND CHARLENE RAE EDWARDS'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>(*Oral Argument Requested*) |

Defendants Campbell County, Wyoming ("Campbell County"); Scott D. Matheny, in his personal capacity and his official capacity as Sheriff of Campbell County, Wyoming Sheriff's Office ("Matheny"); and Charlene Rae Edwards, in her personal capacity and her official capacity as Counsel for Campbell County, Wyoming Sheriff's Office ("Edwards") (collectively, "Defendants"), move this Court pursuant to Ariz. R. Civ. P. 12(b)(2) to dismiss Plaintiff David M. Lauck's ("Plaintiff") Complaint against Defendants because

4815-5088-6362.2

this Court lacks both general and specific personal jurisdiction over Defendants. This Motion is based upon the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This Court does not have personal jurisdiction over Defendants. Defendant Campbell County is a public entity located within the state of Wyoming. Defendant Matheny is the Campbell County Sheriff and resides in Campbell County, Wyoming. Defendant Edwards is a Campbell County Deputy Attorney and resides in Campbell County, Wyoming. Defendants have **no** contacts with Arizona, much less substantial, systematic, or continuous contacts. Consequently, pursuant to the Due Process Clause of the United States Constitution and Arizona Constitution, this Court should dismiss the Complaint as to Defendants.

### II. Facts

#### A. Factual Background.

Plaintiff was employed as a deputy sheriff by the Sheriff's Office of Campbell County, Wyoming, from in or around 1984 to 2006. *See* Complaint at ¶ 20. Plaintiff has raised allegations of defamation relating to employment records pertaining to Plaintiff that were produced by the Sheriff's Office of Campbell County, Wyoming ("CCSO") in response to a subpoena *duces tecum* served upon it on May 31, 2019, in a case relating to an officer-involved shooting that was pending in the State of Arizona, in which Plaintiff had been retained as an expert witness by the plaintiff in that case. *See* Complaint.

Campbell County is a public entity located within the state of Wyoming. *Id.* at ¶ 7. Matheny and Edwards are individuals employed and residing within the state of Wyoming. *Id.* at ¶¶ 8-10. The Complaint pertains to actions allegedly undertaken by Defendants entirely within the state of Wyoming and solely for the purpose of responding to a subpoena. *See* Complaint.

/ / /

### III. Legal Argument

#### A. This Court Lacks Personal Jurisdiction Over Defendants Campbell County, Matheny, and Edwards.

##### 1. Plaintiff Bears The Burden To Prove Jurisdiction.

Although it is Defendants' obligation to raise the issue of whether the Court has or may exercise jurisdiction, Plaintiff bears the burden of proving the necessary jurisdictional facts, including the existence of sufficient minimum contacts, to provide for the Court to exercise jurisdiction over Defendants. *See Arizona Title, LLC v. Berger*, 223 Ariz. 491, 224 P. 3d 988 (2010) (where defendant challenges the existence of personal jurisdiction, plaintiff must establish a *prima facie* showing of jurisdiction, after which the burden shifts to the defendant to rebut that showing); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

##### 2. Arizona's Extraterritorial Jurisdiction Over Non-Residents Is Limited.

The basic principles that govern Arizona's authority to exercise personal jurisdiction over a non-resident defendant are familiar and well-established. *See generally, e.g., Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 736 P.2d 2 (1987). Arizona courts may exercise personal jurisdiction to the maximum extent allowed by the Arizona Constitution and the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a) (aka Arizona's Long-Arm Rule). *Planning Grp. of Scottsdale v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 266, 246 P.3d 343, 346-47 (2011).

Because Arizona's Long-Arm Rule confers jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause, "the jurisdictional issue . . . hinges on federal law." *A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569, 892 P.2d 1354, 1358 (1995). The United States Constitution's Due Process Clause limits state court jurisdiction over foreign defendants. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181-82, 85 L. Ed. 2d 528 (1985). Personal jurisdiction may be divided into two types: (1) general jurisdiction and (2) specific jurisdiction. Under either specific or general jurisdiction, "the constitutional touchstone remains whether the

defendant purposefully established 'minimum contacts' in the forum State." *Burger King,* 471 U.S. at 474, 105 S. Ct. at 2183.

### 3. This Court Has No General Jurisdiction Over Defendants.

The minimum contacts of a non-resident with the forum state that are necessary to establish general jurisdiction must be "systematic and continuous". *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S. Ct. 154 (1945)). "The level of contact required to show general jurisdiction is quite high." *See Williams v. Lakeview Co.,* 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000).

In this case, Campbell County is a public entity within the state of Wyoming. *See* Complaint at ¶ 7. Matheny and Edwards are individuals employed and residing within the state of Wyoming. *Id.* at ¶¶ 8-10. The Complaint pertains to actions allegedly undertaken by Defendants entirely within the state of Wyoming and solely for the purpose of responding to a subpoena. *See* Complaint.

Campbell County, which is a governmental entity in a state outside of Arizona, does <u>not</u> maintain a physical presence in the state of Arizona and has essentially no contacts with Arizona, much less systematic and continuous contacts. *See* Complaint. Likewise, neither Matheny, nor Edwards, who reside and work outside of Arizona, has "systematic and continuous" contacts with Arizona, nor has Plaintiff even alleged as such. Thus, general jurisdiction does not exist over Defendants.

### 4. This Court Has No Specific Jurisdiction Over Defendants.

"When a defendant's activities in the forum state are not so pervasive as to subject it to general jurisdiction, the court may still find specific jurisdiction if:

(1) the defendant ***purposefully avails*** himself of the privilege of conducting business in the forum;

(2) the ***claim arises out of*** or relates to the defendant's contact with the forum; and

(3) the exercise of jurisdiction is ***reasonable***."

Case 3:21-cv-08036-MTL   Document 8   Filed 03/03/21   Page 5 of 9

See *Williams* 199 Ariz. at 3, 13 P.3d at 282 (emphasis added) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990), *reversed on other grounds*, 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991)). "Although specific jurisdiction may arise without the defendant ever setting foot in the forum state, and may arise incident to a single act directed to the forum, it does not arise from the plaintiff's or a third-party's unilateral activity or from the non-resident defendant's mere foreseeability that a claim may arise." *Id.* (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295-97, 100 S. Ct. 559, 566-67 (1980)).

      a) <u>Defendants Did Not *Purposefully Direct* Their Activities To Arizona.</u>

"[Courts] generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "Purposeful direction "requires that the defendant…have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."" *Id.* (citing *Schwarzenegger* at 803).

"An intentional act is one "denot[ing] an external manifestation of the actor's will…not includ[ing] any of its results, even the most direct, immediate, and intended." *Id.* (citing *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673-74 (9th Cir. 2012) (quoting *Schwarzenegger* at 806). Casual or accidental contacts by a defendant with the forum state cannot sustain the exercise of specific jurisdiction. *See World-Wide Volkswagen*, 444 U.S. at 295, 100 S. Ct. at 566; *Int'l Shoe Co.*, 326 U.S. at 317. The requirement of the defendant's "purposeful contact" ensures that a "defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts" with the forum state. *See Uberti*, 181 Ariz. at 570, 892 P.2d at 1359 (quoting *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183). Jurisdiction is proper "only where the defendant can be said to have targeted the forum." *Van Heeswyk v. Jabiru Aircraft Pty.*,

4815-5088-6362.2   5

*Ltd.*, 229 Ariz. 412, 418, 276 P.3d 46, 52 (Ct. App. 2012) (citing *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 883, 131 S. Ct. 2780, 2788 (2011).

Here, the "purposeful direction" test applies because Plaintiff's allegations arise from alleged defamation, i.e., alleged tortious conduct, and not from any contract-based conduct. *See* Complaint. Defendants did not commit an intentional act expressly aimed at Arizona, nor did Defendants "target" Arizona. Defendants are a public entity of the state of Wyoming and individuals working for a Wyoming public entity and residing in the state of Wyoming. Defendants' mere compliance with a subpoena issued in a case pending in an Arizona court, relating to a time when Plaintiff also lived and worked in Wyoming, when none of the Defendants ever took any action in or purposefully directed to Arizona, does not subject Defendants to this Court's jurisdiction.

### b) This Suit Did Not *Arise Out of* Defendants' Activities Purposefully Directed To The State Of Arizona.

Even if the Court finds that Defendants purposefully directed their activities to the state of Arizona's jurisdiction, Plaintiff must also prove the second element. Namely, Plaintiff must prove there is a nexus between the purposeful activities of Campbell County, Matheny, and Edwards in the forum state, and Plaintiff's Complaint. This nexus provides the key to exercising specific jurisdiction. A party's claim must result from "alleged injuries that 'arise out of or relate to' [the defendant's] . . . activities" in the forum state. *See Williams*, 199 Ariz. at 4, 13 P.3d at 283 (quoting *Burger King,* 471 U.S. at 472, 105 S. Ct. at 2182).

Arizona's Supreme Court has defined this element as the "but for" test. *Williams* 199 Ariz. at 5, 13 P.3d at 284. The *Williams* Court held a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction. The "but for" test preserves the requirement that there be *some nexus* between the cause of action and the defendant's activities in the forum. *Id.* (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990) (reversed on other grounds, 499 U.S. 585, 113 L. Ed. 2d 622,

1  111 S. Ct. 1522 (1991) (emphasis added).

Here, Defendants' only alleged contact in Arizona was communicating with the defense counsel in the officer-involved shooting case to respond to a subpoena issued to Defendants in Wyoming. *See* Complaint. All of Defendants' activities took place in Wyoming. *Id*. It cannot be said that "but for" Defendants' production of documents in response to a subpoena issued to them in Wyoming and to which they responded in Wyoming, Plaintiff would not have been injured. Defendants' interaction with defense counsel in the officer-involved shooting case by complying with the subpoena and producing documents responsive to it is simply too removed from this cause of action for the requisite nexus to be found. Further, since Defendants have had no substantial continuous contacts with Arizona to establish general jurisdiction, this element is inapplicable.

c) Reasonableness.

In addition to having purposefully directed contacts that are related to Plaintiff's injury, Plaintiff must additionally show that the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Burger King* 471 U.S. at 477-78, 105 S. Ct. 2174. Reasonableness depends on a balancing of several factors, none of which is dispositive standing alone. Those factors are: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the claimant's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

However, the Arizona Supreme Court held "even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process

Clause, acting as an instrument of interstate federalism, will divest the State of its power to render a valid judgment if there are insufficient minimal contacts between the defendant and the forum state or there is no nexus between the defendant's contact and the cause of action." *Williams* 199 Ariz. at 6, 13 P.3d at 285 (Arizona had no specific jurisdiction over a Nevada casino even though that casino advertised its weekly dinner buffet in Arizona newspapers; the casino sent a one-time offer to eleven tour bus companies that operated throughout Arizona, the casino offered incentives to stop at the casino on their way into Nevada; the casino employed Arizona residents, and, approximately twenty-three percent of its overnight guests of the casino were Arizona residents.)

In light of the fact that Plaintiff cannot make a *prima facie* showing of "purposeful direction" and since a nexus between any of Campbell County's, Matheny's, and Edwards's conduct and Plaintiff's injury does not exist, it is unreasonable, as well as a violation of the Due Process Clause, for this Court to exercise specific jurisdiction.

Furthermore, given that Plaintiff is suing a governmental agency of another state and two governmental officials of another state for their actions taken in the scope of their employment, for violation of a law of another state, there is no credible argument that it would in any way be reasonable for an Arizona court to exercise personal jurisdiction over Wyoming residents and employees and a Wyoming public entity who have taken no actions to avail themselves of Arizona or Arizona courts or laws. The unreasonableness of Arizona exercising jurisdiction over Defendants is compounded by the fact that there is a clear alternative forum for the dispute, in Wyoming.

### IV. Conclusion

Based upon the foregoing, Defendants respectfully request that this Court find that neither general, nor specific jurisdiction exists over Defendants. Accordingly, the Complaint should be dismissed as to Defendants.

/ / /

/ / /

/ / /

DATED this 2nd day of February, 2021.

          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By */s/ John J. Daller*
   Erica K. Rocush
   John J. Daller
*Attorneys for Defendants Campbell County, Wyoming; Scott D. Matheny, in his personal capacity and his official capacity as Sheriff of Campbell County, Wyoming Sheriff's Office; Charlene Rae Edwards, in her personal capacity and her official capacity as Counsel for Campbell County, Wyoming Sheriff's Office*

ORIGINAL of the foregoing e-filed this 2nd day of February, 2021

COPY of the foregoing mailed this 2nd day of February, 2021 to:

David M. Lauck
P.O. Box 4843
Chino Valley, Arizona 86323
*Plaintiff in pro per*


*/s/ Marcia McAlister*
   26572-832