1

2  Michael E. Hensley, Bar #010915
   Petra L. Emerson, Bar #028031
3  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
4  Phoenix, Arizona 85004
   Telephone: (602) 263-1775
5  Fax: (602) 200-7832
   mhensley@jshfirm.com
6  pemerson@jshfirm.com
   minuteentries@jshfirm.com
7
   Attorneys for Defendant Black Diamond
8  Investigation and Security Inc.

9              **SUPERIOR COURT OF THE STATE OF ARIZONA**

10                        **COUNTY OF YAVAPAI**

11  David M. Lauck,                          NO. P-1300-CV-202000981

12                              Plaintiff,   **DEFENDANT BLACK DIAMOND**
                                            **INVESTIGATION AND SECURITY**
13            v.                            **INC.'S MOTION TO DISMISS FOR**
                                            **LACK OF JURISDICTION**
14  Campbell County, Wyoming, a jural entity;
    Scott D. Matheny, in both his personal
15  capacity and his official capacity as Sheriff of
    Campbell County, Wyoming Sheriff's Office;
16  Charlene Rae Edwards, in both her personal
    capacity and her official capacity as Counsel
17  for Campbell County, Wyoming Sheriff's
    Office; Black Diamond Investigation and
18  Security Inc., a Wyoming corporation; Does 1,
    2 and 3,
19
                               Defendant.
20

21

22            Pursuant to Rule 12(b)(2), Ariz. R. Civ. P., Defendant Black Diamond

23  Investigation and Security, Inc. ("Defendant" or "Black Diamond") hereby moves to

24  dismiss Plaintiff's Complaint against it for lack of personal jurisdiction. Defendant is a

25  small company providing security guard services in Wyoming, is incorporated in

26  9149754.1                          -1-

27

28

1   Wyoming, and has its primary place of business in Gillette, Wyoming.  Defendant has no

2   connection to the State of Arizona.  As such, Plaintiff's desire that this Arizona Court

3   exercise personal jurisdiction over Defendant is unreasonable, offensive to the notion of

4   fair play/substantial justice, and therefore must not be allowed. Accordingly, this Court

5   should dismiss Plaintiff's Complaint against Defendant Black Diamond with prejudice.

6           Furthermore, by way of filing this appearance, Defendant does not submit to

7   jurisdiction and does not waive any defenses, rights or remedies otherwise available if the

8   Court denies this Motion, which is supported by the following Memorandum of Points

9   and Authorities.

10                   **MEMORANDUM OF POINTS AND AUTHORITIES**

11   **I.    FACTUAL BACKGROUND.**

12          Plaintiff was employed as a deputy sheriff by the Sheriff's Office of

13   Campbell County, Wyoming, from in or around 1984 to 2006.  *See* Complaint at ¶ 20.

14   Plaintiff has raised allegations of defamation relating to his employment records that

15   were produced by the Sheriff's Office of Campbell County, Wyoming ("CCSO") in

16   response to a subpoena *duces tecum* served in May 2019.  The subpoena was issued

17   because Plaintiff provided expert witness opinions in a law suit pending in the State of

18   Arizona ("OIS Case").  *See* Complaint.

19          Defendant Black Diamond is a private company of five employees[1]

20   incorporated in Wyoming and having its primary business in Gillette, Wyoming.  *Id.* at

21   2:¶13*; see also* Exhibit A (Defendant's Business Records from the Wyoming Secretary

22   of State, Business Division).[2]  They also act as process servers and in Wyoming served

23   the Subpoena at issue on the Sheriff's Office.

────────────────

24       [1]https://www.dnb.com/business-directory/company-
profiles.black_diamond_investigations__security.6ef7784926079fa627ae953c75d2c788.
25   html. (last visited February 16, 2021).

26       [2] "A court may take judicial notice of 'matters of public record' without
converting a motion to dismiss into a motion for summary judgment, as long as the facts
27   noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Group,*

9149754.1                                      -2-

28

In his Complaint, Plaintiff alleged that on or about 12 June 2019, CCSO delivered the Smear Documents ("Documents") responding to the OIS Case subpoena "to Black Diamond *and/or* to the attorneys for the Arizona OIS Case defendants." (Complaint at 11:¶75) (emphasis added).  Plaintiff is further "informed and believes, and thereupon alleges, that on or about 12 June 2019, Black Diamond *sent* the documents received from CCSO *to the defendants* in the Arizona OIS Case in Arizona." (Complaint at 12:¶78) (emphasis added).  "Black Diamond did not provide plaintiff with a copy of the documents received from CCSO in response to the Defense [subpoena]." (Complaint at 12:¶83).   The CCSO, however, sent the Documents directly to the OIS Case attorneys—Black Diamond was not involved at all. (Affidavit of Kelly Welz, attached as Exhibit B).

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.

### A. Plaintiff Failed to Plead Facts Sufficient to Confer Jurisdiction.

As a preliminary matter, a plaintiff is obligated to come forward with facts sufficient to establish personal jurisdiction over a defendant. *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 487 (1976); *Armstrong v. Aramco Servs. Co.*, 155 Ariz. 345, 348 (App. 1987). "[A]ctual facts, and not the mere allegations of the complaint, are determinative of the jurisdictional question." *Lycoming Div. of Avco Corp. v. Super. Ct. of Maricopa Cty.*, 22 Ariz. App. 150, 152 (1974); *Arizona Title, LLC v. Berger*, 223 Ariz. 491 (2010) (holding that plaintiff must establish a *prima facie* showing of jurisdiction, after which the burden shifts to the defendant to rebut that showing).

Here, Plaintiff did not allege that Defendant knew anything about the content of the Documents or had any involvement in their assembly.  Plaintiff also did not claim that Defendant is doing business in the State of Arizona or has any other

---

*Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (quotations omitted).  Uncontradicted facts put forward by the defendant are accepted as true. *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 264 n.1 (2011).

1  contacts with Arizona other than the alleged one-time sending of some documents.   And
2  even regarding that, Plaintiff did not clearly state that Black Diamond actually sent the
3  documents to the OIS Case attorneys.  Plaintiff alleged that the CCSO itself may have
4  sent the Documents directly to the OIS Case attorneys, without involving Black
5  Diamond's services. *See* Complaint at 12:¶78.   Plaintiff failed to plead facts with
6  sufficient specificity to meet his burden. *Maloof*, 113 Ariz. at 487.

7  But actual facts determine jurisdiction, not mere allegations.   *Lycoming*
8  *Div. of Avco Corp.*, 22 Ariz. App. at 152.  Although Plaintiff failed to establish a *prima*
9  *facie* showing of jurisdiction here, Defendant can come forward with evidence to rebut
10  jurisdictional facts without converting its motion to one for summary judgment. *See*
11  *Berger,* 223 Ariz. 491 (2010).  The court then resolves "any conflicts 'in the affidavits
12  and pleadings' in the plaintiff's favor." *Id.* at 493, ¶ 8 (citing *Macpherson v.*
13  *Taglione,* 158 Ariz. 309, 312 (App. 1988)).   Here, Defendant submits Exhibit B
14  (Affidavit of Kelly Welz) to rebut Plaintiff's allegation that Black Diamond sent the
15  Documents to Arizona.[3]  The Documents were sent directly from CCSO to the OIS Case
16  and Black Diamond was not involved at all.  *See* Exhibit B.  Because Plaintiff failed to
17  provide any basis for his assertion of jurisdiction, the court's inquiry may end here as he
18  failed to carry his burden.  *See Armstrong*, 155 Ariz. at 348; *Lycoming Div. of Avco*
19  *Corp.*, 22 Ariz. App. at 152.

20  **B. Defendant Black Diamond Lacks Minimum Contacts with Arizona.**

21  To establish personal jurisdiction over a defendant, the plaintiff must
22  demonstrate: (1) the state's long arm statute confers jurisdiction over the defendant; and

23
24  [3] The attached Exhibit B does not convert this motion into one for summary
   judgment also because Rule 12(d) applies only to motions filed under Rule 12(b)(6) and
25  12(c), and not under Rule 12(b)(2). *See* Ariz. R. Civ. P. 12(d).  Additionally, Exhibit B is
   not necessary for the court to resolve the issues because Plaintiff pled that the Documents
26  may have been sent directly to the OIS Case attorneys and Exhibit B merely confirms
   Plaintiff's knowledge. *See Brosie v. Stockton*, 105 Ariz. 574, 576 (1970) (no conversion
27  necessary when extraneous material was "unnecessary to the final outcome").

28

(2) "the exercise of jurisdiction comports with the constitutional principles of Due Process." *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 264 n.1, 246 P.3d 343, 345 n.1 (2011); *see also* Ariz. R. Civ. P. 4.2(a). In Arizona, the state's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5 (2000). The jurisdictional issue thus "hinges on federal law." *A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569 (1995). Accordingly, the personal jurisdiction inquiry in Arizona is little more than an analysis of Due Process itself, and requires that nonresident defendants have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under either type of personal jurisdiction—specific or general—"the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). In this case, this Court has neither specific nor general jurisdiction over Defendant as explained below.

### C. This Court Lacks General Jurisdiction Because Defendant Does Not Have Systematic and Continuous Contacts with Arizona.

A court may assert general jurisdiction if the defendant's activities in the forum state are substantial or continuous and systematic, even if the cause of action is unrelated to those activities. *Id.* The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

General jurisdiction allows a court to hear cases that are not connected to the activities of the defendant in the forum. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate

physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (quoting *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986)); *Williams*, 199 Ariz. at 3. Factors to be considered in the analysis include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* Courts may also look to whether the defendant "owns property, keeps bank accounts, [or] has employees" in the state. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002).

Here, none of the factors listed above are present. In fact, Defendant has absolutely no contact with the forum state of Arizona. Indeed, in order for a contact to be "systematic and continuous," there first needs to be a contact. Defendant did not form in Arizona, nor does it have a place of business in Arizona or conduct business with Arizona. There is no evidence that Defendant has any sort of contact with Arizona and Plaintiff did not allege otherwise. *See* Complaint. Since Defendant has no contacts with Arizona that can be seen as systematic or continuous, there is no basis for this Court to exercise general jurisdiction over Defendant.

**D. This Court Lacks Specific Jurisdiction.**

Specific jurisdiction exists only under certain circumstances. The Ninth Circuit applies a three-part test to determine whether courts may exercise specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

9149754.1

*Burger King Corp.*, 471 U.S. at 476-78; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff does not satisfy either of the first two prongs, there is no personal jurisdiction. *Id.* However, only if the plaintiff meets both prongs does the burden shift to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.* Moreover, "casual or accidental contacts by a defendant with the forum state" do not suffice to give rise to specific jurisdiction. *Planning Group of Scottsdale, L.L.C.*, 226 Ariz. at 266, ¶ 16. Here, none of the three prongs is met.

1. **Black Diamond Did Not Purposefully Avail Itself of the Laws of Arizona.**

"[Courts] generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802). Here, Plaintiff did not purposefully avail itself of Arizona. If this Court were to find that Plaintiff sufficiently pled jurisdictional facts in this case, which Defendant contests, *see* Exhibit B, Defendant was contracted in Wyoming to provide services in Wyoming—to cause the Documents entrusted to Black Diamond in Wyoming be sent from Wyoming to Arizona in compliance with the subpoena issued to CCSO. Black Diamond established above that it has no contacts with Arizona, even minimal. Defendant is not the one who sought out Plaintiff in Arizona; Defendant did not contact Plaintiff in any way regarding the Documents. *See* Complaint at 12:¶83. Further, Defendant did not assemble or modify the Documents and had no knowledge of their exact content—Plaintiff does not allege otherwise. Casual or accidental contacts by a defendant with the forum state cannot sustain the exercise of specific jurisdiction. *See World-Wide Volkswagen*, 444 U.S. at 295; *Int'l Shoe Co.*, 326 U.S. at 317.

9149754.1                                          -7-

1    But Defendant did not purposefully direct its activities causing harm that
2    Defendant knew would be suffered in Arizona either.   *See Morrill*, 873 F.3d at 1142.
3    "Purposeful direction "requires that the defendant…have (1) committed an intentional act,
4    (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely
5    to be suffered in the forum state." *Id*. (citing *Schwarzenegger* at 803).   An intentional act
6    is one "denot[ing] an external manifestation of the actor's will…not includ[ing] any of its
7    results, even the most direct, immediate, and intended." *Id*. (citing *Wash. Shoe Co. v. A-Z
8    Sporting Goods Inc.*, 704 F.3d 668, 673-74 (9th Cir. 2012)).   The requirement of the
9    defendant's "purposeful contact" ensures that a "defendant will not be haled into a
10   jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts" with the
11   forum state. *See Uberti,* 181 Ariz. at 570 (quoting *Burger King,* 471 U.S. at 475).

12       Even if the Documents produced in compliance with the subpoena issued in
13   the Arizona OIS Case did actually cause Plaintiff the harm alleged, Defendant Black
14   Diamond did not know, and could not have known, the Documents would cause Plaintiff
15   harm or that harm was likely to be suffered in Arizona. *See Morrill*, 873 F.3d at 1142.  If
16   Plaintiff's allegation was true, which it is not, *see* Exhibit B, Defendant was only a
17   messenger and Plaintiff did not allege otherwise.   The "contact" Plaintiff alleges cause
18   him harm—Defendant's "sending" of the Documents (Complaint at 12:¶78)—is contact
19   so "attenuated" that Defendant cannot be haled to defend a lawsuit filed in Arizona. *See
20   Uberti,* 181 Ariz. at 570 (quoting *Burger King,* 471 U.S. at 475).

21       Mere sending of Documents in the role of a messenger does not create
22   contacts sufficient to confer specific personal jurisdiction.   In *Williams*, the contacts
23   between Arizona and a Nevada casino were much more substantial than sending of
24   Documents in this case and our Supreme Court still held that Arizona had no specific
25   jurisdiction. *See Williams*, 199 Ariz. at 6.  In *Williams*, the casino advertised its weekly
26   dinner buffet in Arizona newspapers, sent a one-time offer to eleven tour bus companies

27

28

9149754.1                                  -8-

that operated throughout Arizona, and offered incentives to stop at the casino on their way into Nevada. *See id.* The casino also employed Arizona residents and approximately twenty-three percent of its overnight guests of the casino were Arizona residents. *See id.* A one-time sending of an envelope, even if actually done here, does not compare to the contacts the Nevada casino had with Arizona in *Williams*, a case in which our Supreme Court did not find contacts sufficient to confer specific jurisdiction.

Because Defendant allegedly sent the Documents from Wyoming, using Wyoming's forum entirely, to an attorney working on a lawsuit filed in Arizona and not to Plaintiff, not having assembled the Documents or known of its content, Defendant did not avail itself of Arizona and the first prong of *Burger King* fails.

        2.    **The Plaintiffs' Claim Did Not Arise out of Black Diamond's Conduct in Arizona.**

Regarding the second prong of *Burger King*, Defendant, once again, has established that there simply is no single contact with this forum state. If there is no contact with the forum state, then Plaintiff's claim cannot possibly arise from a contact that does not exist. *See Lycoming Div. of Avco Corp.*, 22 Ariz. App. at 152. Additionally, the *Williams* court's "but for" test preserves the requirement that there be *some nexus* between the *cause of action* and the defendant's *activities* in the forum. *Williams*, 199 Ariz. at 5 (citation omitted). Foreseeability of causing injury in another state "is not a 'sufficient benchmark' for exercising personal jurisdiction." *Williams*, 199 Ariz. at 6, ¶ 15 (quoting *Burger King,* 471 U.S. at 474).

Although Defendant could have arguably foreseen that the content of its delivery may cause harm (as that is always a possibility for an envelope of unknown content), such "foreseeability" is not sufficient for this Court to exercise personal jurisdiction. *See id.* And if Defendant were to send the Documents to the OIS Case attorneys, Defendant's action consisted of mere sending of the Documents without any involvement in the Documents' content, which allegedly injured Plaintiff. To sum, there

is no nexus between Plaintiff's alleged defamation and sending of an envelope.   The second *Burger King* prong also fails.

        3.    **Exercising Jurisdiction over Black Diamond Would Violate Traditional Notions of Justice.**

Lastly, the third prong of *Burger King* also weighs in favor of Defendant. While Arizona may be convenient for Plaintiff to litigate in, it is entirely unjust to hale Black Diamond, a small company located in Wyoming (*see* Exhibit A), into this Court when it has zero connections with Arizona. Plaintiff's convenience should not be a consideration when his respective claim is based in his life and work in Wyoming, is filed exclusively against Wyoming Defendants, and based in actions that all occurred in Wyoming. To require Black Diamond to litigate a claim in Arizona when it does not have one single contact with Arizona would be manifestly unjust and would further violate all traditional notions of fair play and justice. Like the first and second prongs of *Burger King,* the third prong also fails, and thus no specific jurisdiction may be exercised by this Court against the Defendant.

### III.   CONCLUSION

This Court lacks both general and specific personal jurisdiction over Defendant Black Diamond Investigation and Security Inc. For the foregoing reasons, pursuant to Rule 12(b)(2), Ariz. R. Civ. P., Defendant Black Diamond respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint against Black Diamond with prejudice.

9149754.1

-10-

DATED this 18th day of February 2021.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Michael E. Hensley
    Michael E. Hensley
    Petra L. Emerson
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Black Diamond
    Investigation and Security Inc.

ORIGINAL of the foregoing electronically filed
this 18th day of February 2021.

COPY of the foregoing mailed/e-mailed
this 18th day of February 2021, to:

David M. Lauck
P.O. Box 4843
Chino Valley, AZ 86323
Plaintiff Pro Per

Erica K. Rocush
John J. Daller
Lewis, Brisbois, Bisgaard & Smith LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 2100
Phoenix, AZ 85012
Attorneys for Defendants Campbell County,
Wyoming, Scott D. Matheny, in his personal capacity
and his official capacity as Sheriff of Campbell
County, Wyoming Sheriff's Office; Charlene Rae
Edwards, in her personal capacity and her official
capacity as Counsel for Campbell County, Wyoming
Sheriff's Office

/s/ Lisa Drapeau

9149754.1

-11-

# EXHIBIT A

## STATE OF WYOMING ✳ SECRETARY OF STATE
## EDWARD A. BUCHANAN
## BUSINESS DIVISION

Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
Phone 307-777-7311
Website: https://sos.wyo.gov · Email: business@wyo.gov

## Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **Black Diamond Investigation & Security, Inc.** | | |
|------|------|------|------|
| **Filing ID** | 1993-000281880 | | |
| Type | Profit Corporation | Status | Active |

### General Information

| | | | |
|------|------|------|------|
| Old Name | | Sub Status | Current |
| Fictitious Name | | Standing - Tax | Good |
| | | Standing - RA | Good |
| Sub Type | | Standing - Other | Good |
| Formed in | Wyoming | Filing Date | 05/06/1993 12:00 AM |
| Term of Duration | Perpetual | Delayed Effective Date | |
| | | Inactive Date | |

### Share Information

| | | | | | |
|------|------|------|------|------|------|
| Common Shares | Unlimited | Preferred Shares | | Additional Stock | Y |
| Par Value | 0.0000 | Par Value | 0.0000 | | |

### Principal Address | ### Mailing Address

PO Box 1299
Gillette, WY 82717

PO Box 1299
Gillette, WY 82717

### Registered Agent Address

Kay Matheny
5005 Stampede Dr
PO Box 1299
Gillette, WY 82716

### Parties

| Type | Name / Organization / Address |
|------|------|

### Notes

| Date | Recorded By | Note |
|------|------|------|

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **Black Diamond Investigation & Security, Inc.** | | |
|---|---|---|---|
| **Filing ID** | 1993-000281880 | | |
| Type | Profit Corporation | Status | Active |

## Most Recent Annual Report Information

| Type | Original | | | AR Year | 2020 |
|---|---|---|---|---|---|
| License Tax | $50.00 | AR Exempt | N | AR ID | 05769691 |
| AR Date | 5/26/2020 4:04 PM | | | | |
| Web Filed | N | | | | |

### Officers / Directors

| Type | Name / Organization / Address |
|---|---|
| President | JACK MATHEBNY  PO BOX 1299, GILLETTE, WY  82717 |

**Principal Address**

PO Box 1299
Gillette, WY 82717

**Mailing Address**

PO Box 1299
Gillette, WY 82717

## Annual Report History

| Num | Status | Date | Year | Tax |
|---|---|---|---|---|
| 00293068 | Original | 01/01/1800 | 1994 | $0.00 |
| 00319673 | Original | 01/01/1800 | 1995 | $25.00 |
| 00347067 | Original | 01/01/1800 | 1996 | $25.00 |
| 00369670 | Original | 01/01/1800 | 1997 | $25.00 |
| 00410231 | Original | 12/23/1998 | 1998 | $25.00 |
| 00435266 | Original | 11/04/1999 | 1999 | $25.00 |
| 00453064 | Original | 06/07/2000 | 2000 | $25.00 |
| 00481303 | Original | 03/27/2001 | 2001 | $50.00 |
| 00521040 | Original | 04/03/2002 | 2002 | $50.00 |
| 00576310 | Original | 05/28/2003 | 2003 | $50.00 |
| 00610580 | Original | 03/17/2004 | 2004 | $50.00 |
| 00658574 | Original | 04/01/2005 | 2005 | $50.00 |
| 00708925 | Original | 04/05/2006 | 2006 | $50.00 |
| 00778936 | Original | 05/18/2007 | 2007 | $50.00 |
| 00874496 | Original | 04/02/2008 | 2008 | $50.00 |
| 01001638 | Original | 04/14/2009 | 2009 | $50.00 |
| 01128221 | Original | 03/04/2010 | 2010 | $50.00 |
| 01337871 | Original | 05/17/2011 | 2011 | $50.00 |

# Filing Information

 **Please note that this form CANNOT be submitted in place of your Annual Report.**

| Name | **Black Diamond Investigation & Security, Inc.** | | | | | |
|---|---|---|---|---|---|---|
| **Filing ID** | **1993-000281880** | | | | | |
| Type | Profit Corporation | | | | Status | Active |

| 01576187 | Original | 07/27/2012 | 2012 | $50.00 |
|---|---|---|---|---|
| 01835059 | Original | 05/16/2013 | 2013 | $50.00 |
| 02030380 | Original | 05/09/2014 | 2014 | $50.00 |
| 02239136 | Original | 05/15/2015 | 2015 | $50.00 |
| 02501262 | Original | 05/23/2016 | 2016 | $50.00 |
| 02808050 | Original | 05/16/2017 | 2017 | $50.00 |
| 03540053 | Original | 05/11/2018 | 2018 | $50.00 |
| 04516106 | Original | 05/24/2019 | 2019 | $50.00 |
| 05769691 | Original | 05/26/2020 | 2020 | $50.00 |

## Amendment History

| ID | Description | Date |
|---|---|---|
| 2020-002812984 | Delinquency Notice - Tax | 05/02/2020 |
| 2019-002541766 | Delinquency Notice - Tax | 05/02/2019 |
| 2018-002289006 | Delinquency Notice - Tax | 05/02/2018 |
| 2017-002062207 | RA Address Change | 05/19/2017 |
| 2017-002050081 | Delinquency Notice - Tax | 05/02/2017 |
| 2016-001883571 | Delinquency Notice - Tax | 05/02/2016 |
| 2015-001723977 | Delinquency Notice - Tax | 05/02/2015 |
| 2014-001609788 | Delinquency Notice - Tax | 05/02/2014 |
| 2013-001486084 | Delinquency Notice - Tax | 05/02/2013 |
| 2012-001358203 | Reinstatement - Tax | 07/27/2012 |
| | Filing Status Changed From: Inactive - Administratively Dissolved (Tax)  To: Active | |
| | Inactive Date Changed  From: 07/10/2012  To: No value | |
| 2012-001353941 | Administrative Dissolution (Tax) | 07/10/2012 |
| | Filing Status Changed From: Active  To: Inactive - Administratively Dissolved (Tax) | |
| 2012-001330789 | Delinquency Notice - Tax | 05/02/2012 |
| 2011-000972639 | Delinquency Notice - Tax | 05/02/2011 |
| 2007-000607315 | Delinquency Notice - Tax | 05/01/2007 |
| See Filing ID | Initial Filing | 05/06/1993 |

# EXHIBIT B

## AFFIDAVIT OF KELLY WELZ

STATE OF ARIZONA   )
                       : ss.
County of Maricopa   )

        KELLY WELZ, being first duly sworn, upon his oath deposes and says:

        1.     I am over the age of 18 years and competent to testify to the matters set forth in this Affidavit;

        2.     I work as a paralegal in the law firm Jones, Skelton & Hochuli, P.L.C.

        3.     I have personal knowledge of the email string dated June 17-19, 2019, between myself and Charlene R. Edwards, the Cambell County Deputy Attorney in Wyoming, and the authentic copy of which is attached as Exhibit 1.

        4.     The Documents subject to law suit No. P-1300-CV-202000981 filed by Plaintiff David M. Lauck in Yavapai County against, *inter alia*, Black Diamond Investigation and Security Inc., were delivered directly from the Campbell County, Wyoming, to the Arizona "OIS Case" attorneys Jones, Skelton & Hochuli, P.L.C.

        5.     Black Diamond Investigation and Security Inc. was not involved in delivery of the Documents subject to the case No. P-1300-CV-202000981.

        FURTHER AFFIANT SAYETH NAUGHT.

                                         KELLY WELZ

        SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this ＿ day of February, 2021, by KELLY WELZ.

_Leslie Castaneda_
Notary Public

My Commission Expires:

___7/15/24___

**LESLIE CASTANEDA**
Notary Public - Arizona
Maricopa Co. / #586973
Expires 07/15/2024

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kelly Welz |
| **To:** | hhensley@jshfirm.com; Petra Emerson |
| **Subject:** | FW: Lauck Subpoena Duces Tecum |
| **Date:** | Thursday, February 18, 2021 8:32:04 AM |
| **Attachments:** | image001.png |
| | image002.png |

See below email from Charlene Edwards.  Black Diamond had no involvement in the response to the SDT.



**KELLY WELZ**  | Paralegal
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700  |  Phoenix, AZ 85004
**P** (602) 263-7311   **F** (602) 200-7867

**website  |  vCard  |  map  |  email  |  linkedin  |  facebook  |  twitter**

**From:** Charlene R. Edwards [mailto:CRL06@ccgov.net]
**Sent:** Wednesday, June 19, 2019 12:45 PM
**To:** Kelly Welz
**Subject:** RE: Lauck Subpoena Duces Tecum

Kelly,

Can you send me the ShareFile link again, please.

Thank.

Charlene

**From:** Kelly Welz
**Sent:** Monday, June 17, 2019 5:17 PM
**To:** GEORGIA STATON ; Charlene R. Edwards
**Subject:** RE: Lauck Subpoena Duces Tecum

Warning: This Email originated from outside the Campbell County mail system. Please use caution when clicking on links, or following any instructions in this message.

Charlene,

I received 11 pages of Lauck's training file via ShareFile. Please confirm that more documents will be sent over. If you have any questions, please let me know. Thank you.

Kelly

**KELLY WELZ** | Paralegal
Jones, Skelton & Hochuli P.L.C.

 

40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 263-7311   **F** (602) 200-7867
**website | vCard | map | email | linkedin | facebook | twitter**

---

**From:** GEORGIA STATON
**Sent:** Monday, June 17, 2019 10:50 AM
**To:** 'Charlene R. Edwards'
**Cc:** Kelly Welz
**Subject:** RE: Lauck Subpoena Duces Tecum

I think that makes sense. The easiest way may be by share file. I will ask my paralegal, Kelly Welz to reach out to you. Thank you.

---

**From:** Charlene R. Edwards [mailto:CRL06@ccgov.net]
**Sent:** Monday, June 17, 2019 9:24 AM
**To:** GEORGIA STATON
**Subject:** Lauck Subpoena Duces Tecum

Ms. Staton:
The record is extensive. Rather than copying it and sending it to Black Diamond, would you be agreeable to my scanning it and emailing it? To you or your paralegal?

Charlene Edwards
Campbell County Deputy Attorney
500 S. Gillette Ave. Suite B200
Gillette, WY 82716
(307)682-4310

---

The information contained in this e-mail is intended solely for the addressee(s) named above and is privileged and/or confidential. If the reader of this message is not the intended recipient, you are prohibited from reading or disclosing the information contained in this transmission. Any examination, use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the County Attorney's Office at 307-682-4310 and destroy all copies of the original message.

---

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to

ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this e-mail is intended solely for the addressee(s) named above and is privileged and/or confidential. If the reader of this message is not the intended recipient, you are prohibited from reading or disclosing the information contained in this transmission. Any examination, use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the County Attorney's Office at 307-682-4310 and destroy all copies of the original message.