**EXHIBIT**

# A

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
02/19/2021  6:34AM
BY: CBAGLEY
DEPUTY

1

E. Allen Dodd, Alabama Bar #DOD011
**SCRUGGS, DODD & BRISENDINE, P.A.**
PO Box 681109
Fort Payne, AL 35968
Telephone: (256) 845-5932
eadscruggs@farmerstel.com
*Pro hac vice* attorney for plaintiff

Mark N. Goodman/5124
**GOODMAN LAW FIRM**
P.O. Box 2489
Prescott, AZ 86302-2489
928/445-3230
mark@goodmanlaw.com
www.goodmanlaw.com
Attorney for plaintiff

## SUPERIOR COURT OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| David M. Lauck,<br><br>                                    Plaintiff,<br>vs.<br><br>Campbell County, Wyoming, a jural entity;<br>Scott D. Matheny, in his personal capacity and<br>his official capacity as Sheriff of Campbell<br>County, Wyoming Sheriff's Office; Charlene<br>Rae Edwards, in her personal capacity and her<br>official capacity as Counsel for Campbell<br>County, Wyoming Sheriff's Office; Black<br>Diamond Investigation and Security Inc., a<br>Wyoming corporation; Does 1, 2 and 3,<br>                                    Defendants. | Case No. P1300CV202000981<br>(Assigned to the Hon. Michael P. McGill, Div. 1)<br><br><br>**RESPONSE TO<br>MOTION TO<br>DISMISS** |

Plaintiff David M. Lauck, by and through his counsel of record, hereby responds

to and opposes the motion ("Motion") of certain named Defendants: Campbell County,

Wyoming; Scott D. Matheny; and, Charlene Rae Edwards (collectively, "Defendants") to

dismiss Plaintiff's Complaint for an alleged lack of personal jurisdiction for lack of

sufficient contacts.   As shown below, the Motion should be dismissed.   Plaintiff's

-1-

Response ("Response") is based upon the accompanying Memorandum of Points and Authorities, the attached Declaration Under Penalty of Perjury of David M. Lauck and exhibits thereto, the pleadings filed in this case to date, including Plaintiff's Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES
### I
### Introduction

In the Motion, Defendants only argue general principles of law.  Defendants' claim of lack of sufficient contacts with Arizona can be answered in two words: wishful thinking.   The facts (in this threshold motion, the Court must take the Plaintiff's allegations as true) giving this Court jurisdiction in this matter in Arizona are as deep as they are wide.  The Plaintiff resides *in Arizona*.  The Defendants knew Plaintiff resided *in Arizona*.  Defendants knew that Plaintiff conducted business *in Arizona*.  Defendants knew Plaintiff operated a gunsmith business *in Arizona*.  Defendants knew Plaintiff was engaged as a firearms consultant *in Arizona*. Defendants knew that Plaintiff was engaged as an expert witness *in Arizona.*  Defendants themselves, repeatedly, communicated with the Plaintiff *in Arizona*. Defendants produced certifications (not without a struggle) to the Arizona Department of Public Safety *in Arizona* for Plaintiff to obtain a federal concealed carry LEOSA[1] permit *in Arizona*.

Defendants were contacted about Plaintiff by third parties *from Arizona*. Defendants communicated with third parties *in Arizona* about Plaintiff.  The third parties in Arizona asked Defendants to produce *in Arizona* Plaintiff's confidential personnel records. After being asked to do so, Defendants decided to intentionally breach the Wyoming confidentiality statute; and, in fact, did produce the *Arizona* citizen's confidential personnel records to third parties *in Arizona*.  Defendants produced the

---

[1]     Law Enforcement Officers Safety Act

-2-

confidential records – which should not have seen the light of day – to third parties *in Arizona* in order to injure the *Arizona* citizen *in Arizona*.[2] The records were used against Plaintiff *in Arizona*.   Defendants *intended* to injure Plaintiff *in Arizona*, to destroy Plaintiff's business relations *in Arizona*, to destroy Plaintiff's good name *in Arizona*, to slander Plaintiff *in Arizona*, and to otherwise smear and ruin Plaintiff *in Arizona*. And Plaintiff in fact was damaged and injured *in Arizona*.

Under controlling Arizona law, the Motion must be denied in its entirety.  Well-settled Arizona law provides that this Court has jurisdiction over the Defendants where the facts demonstrate that the Defendants "engage[d] in purposeful conduct for which they could reasonably expect to be haled into [Arizona state's] courts with respect to that conduct [and] can fairly be expected to respond to all claims arising out of those contacts, whatever the plaintiff's theory of recovery."  *Planning Group v. Lake Mathews Mineral*, 226 Ariz. 262, ¶ 25, 246 P.3d 343 (2011).  Plaintiff's allegations must be accepted as factually true.  *Steinaker v. Sw. Airlines*, Co., 472 F.Supp.3d 540, 546 (D. Ariz. 2020), appeal dismissed, No. 20-16572, 2020 WL 6742705 (9th Cir. Sept. 22, 2020).

In light of these facts, the cries of the Defendants that Arizona has no jurisdiction over their wrongdoing are faint cries: indeed, they are insufficient to carry the day for the Defendants. Under controlling Arizona law, the Defendants' Motion should be denied.

## II
## Legal Authority

While reviewing a motion to dismiss, the court must accept all material facts as alleged by the non-movant as true.  *E.g., Sun World Corp. v. Pennysaver, Inc.,* 130 Ariz.

---

[2]     In fact, Defendants did not produce all documents in their possession regarding Plaintiff, but only some documents calculated to slander and smear Plaintiff.  *See* Pltf. Compl., generally.   For ease of reference throughout, the documents produced by Defendants – the Smear Documents – are referred to as confidential personnel records.

-3-

585, 637 P.2d 1088 (App. 1981).  The court must consider both the pleadings and affidavits in support of and in opposition to the motion.  *E.g., Maloof v. Raper Sales, Inc.,* 113 Ariz. 485, 557 P.2d 522 (1976).

Arizona courts may exercise specific personal jurisdiction over non-resident defendants to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a) (2001); *A. UBERTI & C. v. Leonardo*, 181 Ariz. 565, 569, 892 P.2d 1354 (1995).  "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution. Ariz.R.Civ.P. 4.2(a); *Houghton v. Piper Aircraft Corp*., 112 Ariz. 365, 367, 542 P.2d 24 (1975) ("Arizona's long arm statute ... is intended to give Arizona residents the maximum privileges permitted by the Constitution of the United States.").

"Considering all of the contacts between the defendants and the forum state, did those defendants engage in purposeful conduct for which they could reasonably expect to be haled into that state's courts with respect to that conduct? If such minimum contacts exist, the defendant can fairly be expected to respond to all claims arising out of those contacts, whatever the plaintiff's theory of recovery."  Planning Group v. Lake Mathews Mineral, 226 Ariz. 262, ¶ 25, 246 P. 3d 343 (2011).

The "substantial connection," between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. *A. UBERTI & C. v. Leonardo*, 181 Ariz. 565, 570, 892 P.2d 1354 (1995) citing *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 112 (1987) (O'Connor, J.).

"Jurisdictional contacts are to be analyzed not in isolation, but rather in totality." *Planning Group v. Lake Mathews Mineral*, 226 Ariz. 262, ¶ 29, 246 P. 3d 343 (2011).

General allegations as to the inconvenience of defending the suit in Arizona, however, do not constitute compelling evidence, *see Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257 (9th Cir.1989), sufficient to satisfy their burden of establishing unreasonableness of the jurisdiction.

Finally, where, as here, the Defendant moves to dismiss Plaintiff's claims upon claims of lack of personal jurisdiction, and the Motion is based upon a written record without an evidentiary hearing, "the Plaintiff need only make a *prima facie* showing of jurisdictional facts." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

**III**
**Argument**

**A.    Facts Averred by Plaintiff's Declaration.**[3]

Plaintiff relocated his custom gunsmithing service to Chino Valley, AZ, and does business in Arizona as DL Sports, Inc.  Plaintiff's Declaration ("Declaration") at ¶¶ 6-7. Plaintiff also relocated his consulting business to Arizona and is engaged by third parties as an expert witness and or consultant in firearm-related matters. *Declaration* at ¶¶ 9-10.

Defendants know and at all relevant times have known that Plaintiff resides in Arizona. *Declaration* at ¶¶ 8, 10. Defendants know and at all relevant times have known that Plaintiff does business in Arizona.  *Declaration* at ¶8-10. Defendants also knew that

---

[3]    As shown below in the discussion of the applicable standard of review, the Court must accept all material facts alleged by the non-movant, Plaintiff, as true. When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Renteria*, 452 F. Supp. 2d at 919 (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). *Steinaker v. Sw. Airlines*, Co., 472 F. Supp. 3d 540, 546 (D. Ariz. 2020), appeal dismissed, No. 20-16572, 2020 WL 6742705 (9th Cir. Sept. 22, 2020).

Plaintiff had been engaged as a consultant in Arizona in a lawsuit pending in an Arizona court involving Arizona parties. *Declaration* at ¶¶ 21-21.

After Plaintiff ended his service with Defendants, the Defendants retained Plaintiff's confidential personnel files. It is a well-accepted legal notion throughout the United States (as it should be) that personnel files are to be treated confidentially. "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citation omitted). These privacy interests are equally strong with respect to police officer's personnel files.

Here, the Defendants here were constrained not only by common-law privacy considerations, but also by express statute. The Defendants were prohibited by Wyoming statute from releasing Plaintiff's confidential personnel records. The relevant statute provides that the Defendants *shall* deny the right of inspection of Plaintiff's personnel records with certain exceptions not relevant here, Wyo. Stat. Ann. Section 16-4-203(d)(iii) (West).[4]  In any event, despite these common law, constitutional and statutory prohibitions to releasing Plaintiff's confidential personnel records, Defendants released the records – as shown above – to third parties in Arizona to injure Plaintiff in Arizona applicable to the disclosure of the records.

In addition, Plaintiff further pleaded the following facts which defeat the Defendants' motion to dismiss:

> 4.      Plaintiff is informed and believes, and thereupon alleges, that each defendant caused an event to occur in Arizona out of which a claim for relief which is the subject of this Complaint arose.
> 5.      Plaintiff is informed and believes, and thereupon alleges, that each defendant committed an intentional act expressly

---

[4]      *See* complaint at ¶ 21.

directed at the State of Arizona causing harm that each defendant knew was likely to be suffered in Arizona.

\*\*\*

28.    In 2019, the Wyoming Defendants delivered to people in Arizona incomplete records relating to Plaintiff which were misleading as presented and which cast Plaintiff in a false light ("Smear Documents").

29.    The Wyoming Defendants did not include some of the relevant Laudatory Materials in the Smear Documents that were sent to Arizona.

30.    The Wyoming Defendants did not include, in the Smear Documents that were sent to Arizona, a polygraph report showing that Plaintiff was truthful and honest.

\*\*\*

43.    Prior to defendants' publication of the Smear Documents, defendants Matheny and Edwards knew that: Wyoming law prohibited disclosure of the Smear Documents; CCSO policy prohibited disclosure of the Smear Documents; and, Plaintiff objected to the disclosure of the Smear Documents.

\*\*\*

81.    In response to the Defense SDT, CCSO produced documents to the defendants in the Arizona OIS Case.

\*\*\*

119.   At all times relevant, Plaintiff had a valid business expectancy in providing consulting and expert witness services.

120.   At all times relevant, defendants Matheny, CC, CCSO and Edwards knew of Plaintiff's valid business expectancy.

121.   Defendants Matheny, CC, CCSO and Edwards intentionally interfered with Plaintiff's valid business expectancy causing damage to Plaintiff.

Pltf's Compl.

Plaintiff accordingly stated claims against the Defendants for releasing portions of his confidential personnel records and the "Smear Documents." The claims include casting Plaintiff in a false light, recklessness, negligence, violation of Plaintiff's rights protected by the Arizona Constitution, intentional interference with Plaintiff's valid business expectancies, and the publication of false and defamatory communications

concerning Plaintiff. Pltf's Compl., generally, at ¶¶ 112-139. Plaintiff also pled that the Defendants' conduct injured him. *Id.*, at ¶ 140.

**B.** <u>**Defendants' Additional Contacts with Plaintiff and State of Arizona.**</u>

    ***i.    2015-2016: Defendants' Contacts with Plaintiff in Arizona Regarding LEOSA Concealed Carry Firearm Permit.***

Defendants have had additional contacts with Plaintiff in Arizona. In 2004, Congress passed the Law Enforcement Officers Safety Act and amendments in 2010 and 2013 ("LEOSA"). LEOSA authorized, *inter alia*, the issuance of concealed firearm carry permits to certain classes of individuals. By law, the LEOSA permits are honored throughout the United States in every jurisdiction. Under LEOSA, qualified retired law enforcement officers, *inter alia*, are authorized to obtain LEOSA permits.[5] On 10-26-2015, Plaintiff sent a facsimile transmission addressed directly to Defendant Sheriff Matheny requesting that Sheriff Matheny complete a required CCSO letterhead letter so that Plaintiff could obtain – in Arizona – the LEOSA concealed firearm carry permit. Plaintiff specifically informed Defendant Sheriff Matheny in facsimile text that it was the "state of Arizona" that had requested the department letter.

Defendant Sheriff Matheny sent a facsimile transmission to Plaintiff in *Arizona* at Plaintiff's *Arizona* facsimile number on October 30, 2015. Matheny's fax contained a cover sheet directed to Plaintiff by name and included Plaintiff's Arizona facsimile number. Matheny's letter was addressed to the "Arizona Department of Public Safety" in "Phoenix, Arizona." The letter was in response to questions posed by the Arizona

---

[5] A qualified retired law enforcement officer is an individual who separated from service in good standing with a public agency as a law enforcement officer; and, before such separation, had statutory powers of arrest (and other enumerated duties).

Department of  Public Safety. In his letter, the Defendant failed to answer yes or no to a query whether Plaintiff was a "qualified retired law enforcement officer."

Since the Defendant's letter was insufficient for the Arizona Department of Public Safety, Plaintiff sent from Arizona another facsimile to Defendant. Plaintiff explained what the Defendants needed to do to correct the Arizona Department of Public Safety Letter. The Defendants did not reply promptly, and Plaintiff contacted legal counsel.

After Plaintiff's counsel contacted the Defendants, the Defendants then called Plaintiff in Arizona on January 15, 2016 regarding Plaintiff's attempts to obtain the LEOSA carry permit. The Defendants refused to cooperate with Plaintiff in 2015-2017, and Plaintiff did not obtain the LEOSA permit to enhance public safety.

> ### ii.    2018: Defendants' Contacts with Plaintiff in Arizona Regarding LEOSA Concealed Carry Firearm Permit.

In 2018, Plaintiff renewed his attempts to obtain his LEOSA permit in Arizona. Defendants finally completed and signed the required CCSO letterhead letter for the permit on March 13, 2018. The document was addressed to the "Arizona Department of Public Safety" and specifically referenced "David M. Lauck." Defendants forwarded the letter to the Arizona Department of Public Safety.[6]

Defendant Edwards wrote and signed a letter to Plaintiff in Arizona on February 18, 2020. The letter related to Plaintiff's CCSO personnel record. The letter was mailed directly to Plaintiff's Arizona mailing address and Plaintiff's name and address were again specifically listed in the heading of the letter itself.

///

---

[6]    Furthermore in 2018 Defendant Matheny signed and issued a retired deputy sheriff identification card for the Plaintiff. The card specifically states that Plaintiff is a "non-resident of the state of Wyoming" and "separated in good standing."

**C.** **Defendants' Contacts With Plaintiff and Arizona Courts.**

Defendants have had additional contacts with Plaintiff and Arizona courts *in matters involving Plaintiff*. In unrelated litigation in Arizona, Plaintiff was engaged as an expert witness by plaintiffs. The defendants in that unrelated litigation ("Unrelated Defendants'") contacted the Defendants in the instant matter and requested Plaintiff's confidential personnel files. The Unrelated Defendants served a third-party subpoena to the Defendants in this case. The subpoena requested the Defendants' "entire employment file for David M. Lauck including but not limited to Mr. Lauck's application and resignation/termination documentation, commendations, performance reviews, administrative actions, and misconduct complaints." Of course, the Defendants were prohibited by law from producing Plaintiff's personnel file.

But the Defendants did not contest or object to the third-party subpoena on any grounds. Defendants did not raise any statutory proscriptions to disclosure of Plaintiff's records. Defendants (tellingly) did not raise jurisdictional grounds to oppose the subpoena. Defendants did not argue that Arizona courts had no jurisdiction over documents protected from disclosure by Wyoming statutes. Defendants did not argue that they were located in a far-off unrelated jurisdiction. Defendants lodged no objections at all, made no claims of privilege or relevancy, and did not oppose Defendants' subpoena on grounds of undue burden. Defendants did not seek Plaintiff's permission to disclose the confidential personnel records. Instead, without objection, Defendants produced some carefully chosen confidential personnel documents directly to the Unrelated Defendants.

Defendants argue that this action did not arise out of their activities purposely directed to the State of Arizona. That argument is refuted by the Smear Documents which

defendants intentionally collected, packaged, and purposefully sent into Arizona.[7]  But for sending the Smear Documents into Arizona (in violation of Wyoming law), plaintiff would not have been harmed by the false light into which he was cast.

Defendant Edwards (Wyoming attorney) knew that Wyoming Statute §16-4-203 made it unlawful to disclose plaintiff's personnel records without plaintiff's consent; *see* April 3, 2006 letter from Edwards to Dodd, copy attached hereto.  Defendant Edwards referenced that statute while refusing to produce records to plaintiff's counsel in 2006.

**IV**
**Conclusion**

For all the foregoing reasons, plaintiff asks the Court to deny the Motion.

Dated the 19th day of February 2021.

SCRUGGS, DODD & BRISENDINE, P.A.
By: */s/signed w/ permission E. Allen Dodd*
E. Allen Dodd, attorney for plaintiff

GOODMAN LAW FIRM
By: */s/Mark N. Goodman*
Mark N. Goodman, attorney for plaintiff

Copy of the foregoing mailed
on 19 February 2021 to:

Erica K. Rocush/John James Daller
LEWIS BRISBOIS BISGAARD & SMITH LLP
2929 North Central Avenue, Suite 1700
Phoenix, AZ 85012
*Attorney for defendants*

By: */s/Mark N. Goodman*

---

[7]     Defendants did not object to production of the Smear Records.  They did not seek or obtain a court Order allowing them to produce the Smear Records despite the prohibition of Wyoming law.

APR-07-2006 FRI 11:48 AM SCRUGGS DODD DODD          FAX NO. 2588454325          P. 02

William H. "Bill" Pownall, Sheriff
Scott D. Matheny, Undersheriff



(307) 682-7271
FAX (307) 682-0307

April 3, 2006

E. Allen Dodd, Jr.
Scruggs, Dodd and Dodd
P.O. Box 681109
Fort Payne, AL 35968

Re: Deputy Dave Lauck, Campbell County Sheriff's Office

Dear Mr. Dodd:

This letter is to respond to your letter received by facsimile on March 21, 2006. I agree that we are fortunate that the situation ended as well as it did. While Deputy Lauck's supervisors did have questions about decisions that were made and issues of communication on the scene, no discipline is anticipated.   All questions, remarks, etc., about this incident, including the debriefing held on March 20, 2006, have been viewed in the context of training.

It is my understanding that the Campbell County Attorney's Office has sent you a copy of the Campbell County personnel guidelines and has offered copies of the charging documents concerning this incident.

Pursuant to Wyoming Statute §16-4-203 (b)( i) and (d)(x)and (xi), any reports and/or tapes etc., that you have requested concerning this incident are not public records at this time. I am declining your request for copies.  I can assure you however, nothing pertaining to this incident has or will be destroyed.

In as much as the policies and procedures of the Campbell County Sheriff's Department are rather lengthy, if you could direct me to specific policies that you would like to peruse, I will gladly provide those to you.

If I can be of further assistance, please let me know.

Campbell County Sheriff's Department

Charlene Edwards, Legal Advisor



600 West Boxelder Road ▪ Gillette, WY 82718-5219

# DECLARATION UNDER
# PENALTY OF PERJURY

I, David M. Lauck, hereby declare under penalty of perjury as follows:

1.      I am over the age of 18 years, and I have personal knowledge of the matters set forth in this declaration. I make this Declaration in support of my Opposition to the Defendants' Motion to Dismiss filed in the Yavapai County Superior Court Case No. P1300CV202000981.

2.      Defendants Campbell County, Wyoming, Scott D. Matheny, and Charlene Rae Edwards ("Defendants") were made aware by me, at least as early as 2015, that I am resident of Arizona.

3.      I was employed by Campbell County Sheriff's Office ("CCSO"), an agency of Defendant Campbell County, Wyoming from 1984 to 2006.

4.      Defendant Matheny was employed by CCSO during the majority of the time I worked there.

5.      At all relevant times, Defendant Charlene Rae Edwards was associated with CCSO.

6.      I moved from Wyoming to Chino Valley, Arizona in 2010.

7.      I have a gunsmithing business in Chino Valley, Arizona (DL Sports, Inc.). DL Sports is a corporation organized under Arizona law.

8.      At all times relevant and material, Defendants were made aware by me that I continuously owned and operated a gunsmithing, firearms and training business in Wyoming and then in Arizona.

9.      I also am engaged from time to time as an expert witness and firearms consultant in Arizona and elsewhere.

10.      At all times relevant and material, Defendants were aware that I was engaged as an expert witness and firearms consultant in Arizona.

11.      Between 2010 and 2021, my wife and I have been contacted at our Arizona address, phone numbers and emails on numerous occasions by people currently and formerly associated with CCSO, Campbell County, and Wyoming law enforcement related to a variety of topics.

12.      For example, on 10/26/2015 I sent a facsimile ("Fax") to Defendant Matheny

1

at the CCSO Fax number about a Law Enforcement Officers Safety Act ("LEOSA") permit issue for firearms.  *See* Exhibit "A," hereto.

13.     Four days later on 10/30/2015, I received a Fax back from CCSO at my Arizona Fax number containing a letter signed by Defendant Matheny related to the LEOSA permit.  *See* Exhibit "B," hereto.

14.     The same day, 10/30/2015, I sent another Fax to CCSO related to the LEOSA permit issue.  *See* Exhibit "C," hereto.

15.     Defendant Matheny called me at home in Chino Valley, Arizona on January 15, 2016 at 1833 hours.  Matheny left a message for me [at my Arizona phone number] and requested I call him back.  In his message on the answering machine, Matheny indicated he had researched to find the phone number to call me.  *See* Exhibit "D," hereto. The Arizona phone number Matheny called is listed on my website in conjunction with my Arizona address.

16.     The CCSO Defendants thwarted my attempts to obtain my LEOSA permit in 2016.

17.     On 3/20/2018, Matheny indicated he was sending a letter (dated 3/13/18) to the Arizona Department of Public Safety in relation to me.  Matheny's letter is related to my LEOSA permit.  *See* Exhibit "E," hereto.

18.     In 2018, Matheny signed and issued a CCSO/Wyoming retired peace officer identification card for me.  The card specifically indicates that I am "a non-resident of the state of Wyoming separated in good standing."  *See* Exhibit "F," hereto.

19.     Defendants maintained my confidential personnel records after I separated from service.

20.     After I had established my residency in Arizona, I was engaged in work as an expert witness in 2018 related to a lawsuit pending in Arizona courts, and involving Arizona parties.  The work I performed as an expert witness in that case was performed in Arizona.  I gave a deposition in that case in Yavapai County, Arizona.

21.     Defendants were made aware that I had been engaged as an expert witness in 2019. Defendants were made aware that the lawsuit was pending in Arizona courts and involved Arizona parties.  Defendants were made aware that the Arizona parties were going to depose me when my private records were requested by Arizona parties from CCSO.  I was in fact deposed in Arizona in 2019 and false Smear Documents provided by CCSO were used against me.

22.     Defendants released portions of my confidential personnel file to the Arizona third parties without my permission.  Defendants violated the Wyoming statute that

prohibits disclosure of my confidential personnel files, and also violated other rights secured to me by law.  Defendants knew that the confidential personnel files they disclosed to the Arizona parties would be used in the Arizona court case because an Arizona attorney sent CCSO a letter accompanying a *subpoena duces tecum.*

23.  On 1/31/2020 I completed a records release form, signed it and returned it from Arizona to the Defendants. I listed my current Chino Valley, Arizona address on the form.

24.  On 2/18/2020, Defendant Charlene Edwards sent a letter to me in Arizona. The letter was related to my confidential personnel records. The letter from Defendant Edwards was addressed to my Chino Valley, Arizona residence and my Arizona address was also listed in the heading. *See* Exhibit "G," hereto.

25.  On a regular basis, I receive updates regarding my retirement/pension from Wyoming.  Those updates are sent to my Chino Valley, Arizona address.  *See* Exhibit "H," hereto.

26.  My wife, also a former CCSO employee, is commonly in contact with current and former CCSO and Campbell County employees.  Between 2010 and 2021 cards, letters, and packages have been sent to her from Wyoming by current and former CCSO and Campbell County  employees to our Chino Valley, Arizona address.  She also receives updates about her Wyoming retirement pension from Wyoming at our Chino Valley, Arizona address.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 18 February 2021 at Prescott, Arizona.

Printed name: David M. Lauck     Signature: _____

# Exhibit "A"

# Exhibit "A"

# Exhibit "A"

# Exhibit "A"

# FAX FOR SHERIFF MATHENY

From; Dave Lauck

Date; 10-26-15

Re;  CCW forms  /  4 total page FAX

Hello Scott,

Attached are three additional pages related to a LEO CCW application form.  Pages marked one and three are examples of letters the state of Az wants duplicated on CCSO letterhead with my dates of employment at CCSO,  (1984 – 2006, Badge number 17-13 )

Please fax back to 928 636 1757 so I can get these forms filed asap.

Thank you,
Dave Lauck

1

DL002945

# Exhibit "B"

# Exhibit "B"

# Exhibit "B"

# Exhibit "B"



**CAMPBELL COUNTY**
**SHERIFF'S OFFICE**
**SCOTT MATHENY, SHERIFF**

## FAX TRANSMISSION COVER SHEET

*Date:*     October 30, 2015

*To:*       David Lauck

*Fax:*      928-636-1757

*Re:*       CCW Forms

*Sender:*   Sheriff Scott Matheny

*YOU SHOULD RECEIVE* 2     *PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL* 307-687-6107

*Remarks:*   ☐ *Urgent*   ☐ *For your review*   ☐ *Reply ASAP*   ☐ *Please Comment*

This FAX transmission, and any documents accompanying it, may contain confidential information belonging to the sender, and which may in part or whole be protected by state statutes. The information is intended solely for the use of the individual or agency named above.

If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of action upon the contents of this information is prohibited. If you receive this transmission in error, please notify out office immediately by telephone to arrange for the return of the documents transmitted. Thank you for your cooperation.

Serving Campbell County Since 1911

DL002947



**CAMPBELL COUNTY**
# SHERIFF'S OFFICE
**SCOTT MATHENY, SHERIFF**

October 30, 2015

Arizona Department of Public Safety
Concealed Weapon Permit Unit
P.O. Box 6488
Phoenix, AZ, 85005-6488

According to official records of the Campbell County Sheriff's Office, I certify that David M. Lauck:

- Served as a Peace Officer from 10/27/1984 to 11/17/2006

- Was certified to carry a firearm while on duty and his badge or employee identification number was:
  102171

- Meets the requirement of a "qualified retired law enforcement officer" as defined on page 2 of this letter: Yes or NO (circle one) UNKNOWN

- Has been issued a "photographic identification" card as defined on page 2 of this letter: Yes or NO (circle one).

ATTESTED BY: _____
Signature

Printed Name: Scott Matheny
Title & ID#: Sheriff, 17-1
Agency: Campbell County Sheriff's Office
Telephone #: 307-687-6160

Serving Campbell County Since 1911

500 West Boxelder Road, Gillette, Wyoming 82718    (307) 687-6100    FAX (307) 687-6195    www.ccgov.net

DL002948

# Exhibit "C"

# Exhibit "C"

# Exhibit "C"

# Exhibit "C"

# Fax for Sheriff Matheny

From ; Dave Lauck

Date; 10-30-15

Re;  Completing CCW Forms

Hello Scott,

I received your fax today. However, the information on the letterhead needs correction in order to allow me to complete the CCW forms.

In the third section of the letterhead information, it is marked at "unknown" related to my qualification of being a 'qualified retired law enforcement officer'.  In case the "definitions" page of my previous fax did not make it to you, I have attached the "definitions" page again to this fax. The "definitions" page explains who is a 'qualified retired LEO'. I do meet that requirement and need the CCSO letterhead to reflect "yes" instead of "unknown".   If you need further documentation to mark "yes" on CCSO letterhead I can supply you with decades of CCSO performance evaluations and letters and notations  commending my work at CCSO.

Also, I will need a CCSO photographic identification card marked "retired" at your earliest opportunity. This is required to comply with 18 USC Sec. 926C.   I can reimburse CCSO for the expense, and supply a photo if you don't still have a copy of my previous CCSO ID card that can simply be marked retired.

Please advise what you need from me to finish up this matter.

Thank you,
Dave Lauck

Fax number  928 636 1757

1

DL002946

Exhibit "D"

Exhibit "D"

Exhibit "D"

Exhibit "D"

 Click here for audio file

# Exhibit "E"

# Exhibit "E"

# Exhibit "E"

# Exhibit "E"

| | |
|---|---|
| **From:** | Scott D. Matheny |
| **To:** | jwsscruggs@farmerstel.com |
| **Subject:** | RE: Dave Lauck ID |
| **Date:** | Tuesday, March 20, 2018 2:36:13 PM |
| **Attachments:** | doc06455720180320122510.pdf |

Hi Joan:

Thanks for checking. I got your message and will forward this letter (Attached) to the Arizona Department of Public Safety today.

Scott Matheny

**From:** jwsscruggs@farmerstel.com [mailto:jwsscruggs@farmerstel.com]
**Sent:** Tuesday, March 20, 2018 1:10 PM
**To:** Scott D. Matheny <SDM05@ccgov.net>
**Cc:** Allen Dodd <eadscruggs@farmerstel.com>
**Subject:** Dave Lauck ID

Warning: This Email originated from outside the Campbell County mail system. Please use caution when clicking on links, or following any instructions in this message.

Mr. Matheny,

I spoke with you this morning about the Arizona Dept. of Public Safety form that you were filling out for Dave Lauck. I spoke with Mr. Lauck and confirmed that he does have his old CCSO ID, which has a hole punched in it to indicate that he is retired. That satisfies the requirements for an answer of "YES" on the ID question. At your convenience, please let me (or Mr. Dodd or Mr. Lauck) know whether you have completed the form. I also left you a voice mail with this message, and I'm sorry for the duplication. I appreciate your help.

Thank you,
Joan Swan
Scruggs, Dodd & Brisendine
256-845-5932

E-Mail to and from me, in connection with the transaction of public business, is subject to the Wyoming Public Records Act and may be disclosed to third parties.

DL002949



**CAMPBELL COUNTY**
# SHERIFF'S OFFICE
**SCOTT MATHENY, SHERIFF**

March 13, 2018

Arizona Department of Public Safety

Concealed Weapon Permit Unit

PO Box 6488

Phoenix, AZ 85005-6488

According to official records of the Campbell County Sheriff's Office, I certify that David M. Lauck

- Served as a Peace Officer from: 10/27/1984 to 11/17/2006

- Was certified to carry a firearm while on-duty and his/her badge or employee identification number was: 102171

- Meets the requirements of a "qualified retired law enforcement officer" as defined on page 2 of this letter: (YES) or NO (circle one).

- Has been issued a photographic identification card as defined on page 2 of this letter: YES or NO (circle one)

ATTESTED BY: _____
Signature

Printed Name: Scott Matheny

Title & ID #: Sheriff, 17-1

Agency: Campbell County Sheriff's Office

Telephone #: 307-687-6160

Serving Campbell County Since 1911

**600 West Boxelder Road • Gillette, Wyoming 82718 | (307) 687-6160 | FAX: (307) 687-6198 | www.ccgov.net**

DL002384

# Definitions

**"Certificate of Firearms Proficiency"** means a document issued by the Arizona Department of Public Safety pursuant to the Law Enforcement Officers Safety Act Improvements Act of 2010 that demonstrates the bearer qualified with a firearm in accordance with related rules and laws.

**"Federal Law Enforcement Officer/Agent"** a law enforcement officer of the Amtrak Police Department, a law enforcement officer of the Federal Reserve, or a law enforcement or police officer of the executive branch of the Federal Government qualifies as an employee of a governmental agency who is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest.

**"Qualified Retired Law Enforcement Officer"** means an individual who-
- separated from service in good standing with a public agency as a law enforcement officer; and
- before such separation, was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and had statutory powers of arrest; and
- before such separation, served as a law enforcement officer for an aggregate of 10 years or more; or
- separated from service with such agency, after completing any applicable probationary period of such service, due to a service-connected disability, as determined by such agency; and
- has not been officially found by a qualified medical professional employed by the agency to be unqualified for reasons relating to mental heath; or
- has not entered into an agreement with the agency from which the individual is separating from service in which that individual acknowledges he or she is not qualified under this section for reasons relating to mental health; and
- is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
- is not prohibited by Federal law from receiving a firearm.

**"Peace Officer"** or **"Police Officer"** means an individual vested by law with a duty to maintain public order and make arrests.

**"Photographic identification"** a photographic identification card issued by the agency from which the individual separated from service as a law enforcement officer as required by 18 USC Sec. 926C.

DL002385

# Exhibit "F"

# Exhibit "F"

# Exhibit "F"

# Exhibit "F"



Official Document and Property of the

CAMPBELL COUNTY
**SHERIFF'S OFFICE**
SCOTT MATHENY, SHERIFF

600 West Boxelder Road
Gillette, WY  82718
307-687-6160                    Expires: 1/07/2019



**CAMPBELL COUNTY SHERIFF'S OFFICE**

DAVID M. LAUCK
RETIRED DEPUTY SHERIFF

A NON-RESIDENT OF THE STATE
OF WYOMING SEPARATED IN
GOOD STANDING WITH FULL
POWER AND AUTHORITY IN THE
STATE AS PERMITTED BY LAW.

**RETIRED PEACE OFFICER IDENTIFICATION CARD**

DL002939

# Exhibit "G"

# Exhibit "G"

# Exhibit "G"

# Exhibit "G"



**Campbell County and Prosecuting Attorney's Office**
500 South Gillette Avenue, Suite B200
Gillette, WY 82716
Phone: (307) 682-4310
Fax: (307) 687-6441

County Attorney
Ronald E. Wirthwein Jr.

Chief Deputy Attorney
Nathan J. Henkes

Deputy Attorneys
Charlene Edwards
Daniel E. Reade
Jonah Buckley
Kyle A. Ferris
Sara F. Tappen
Steven K. McManamen
Jenny C. Staeben
Corinne Miller

February 18, 2020

Dave M. Lauck
P.O. Box 4843
Chino Valley, AZ  86323

RE: Records Request

Dear Mr. Lauck:

Your records request dated January 31, 2020, has been forwarded to me for a response. I apologize for the delay, but I have been out of the office off and on since the first of the year.

You have requested "my complete employment record and personal record." You have also requested that you be informed of copying charges or other fees in advance.

The Campbell County Sheriff's Office's copy charges are $2.00 for the first page and .50 for any additional page.  I estimate that copy charges for the records you have requested would be $398.50.  You would also be responsible for any postage incurred for mailing.

If you would prefer to receive this information via email, there would be no charges.  If that is your preference, please provide an email address otherwise please remit the $398.50.  I will bill you for any postage at the time the copies are sent.

Sincerely,

Charlene Edwards
Deputy County and Prosecuting Attorney

DL002943

Campbell County Attorney's Office
500 South Gillette Ave., Suite B200
Gillette, WY 82716

FIRST CLASS

US POSTAGE
$ 000.50
02 1P
0001196327      FEB 19 2020
MAILED FROM ZIP CODE 82718

Dave M. Lauck
P.O. Box 4843
Chino Valley, AZ 86323

86323$2736

DL002944

# Exhibit "H"

# Exhibit "H"

# Exhibit "H"

# Exhibit "H"



# EARNINGS STATEMENT
## WYOMING RETIREMENT SYSTEM
## LAW ENFORCEMENT PLAN

Please send all correspondence to:
WYOMING RETIREMENT SYSTEM
6101 YELLOWSTONE ROAD
SUITE 500
CHEYENNE, WY 82002
1-307-777-7691

| Payment Number | Payable Date | Reference Number | ID Number | Client / Plan |
|---|---|---|---|---|
| 0012953772 | 12-31-2019 | 000001181 | | |

On the reverse side of this document, you will find: Electronic Deposit Authorization, Address Correction Form, and Important Federal Tax Election Notice.

04MLOT-6586/WLEP-03-000001181-0012953772-000000406061
BMN   65861I 052329 1 1221 16408 32819 1/1 BIN:0



DAVE M LAUCK
PO BOX 4843
CHINO VALLEY AZ  86323-2736

| EARNINGS | THIS PERIOD | YEAR-TO-DATE |
|---|---|---|
| PENSION TRUST | | |
| **GROSS PAY** | | |

| DEDUCTIONS | THIS PERIOD | YEAR-TO-DATE |
|---|---|---|
| FEDERAL | | |
| **TOTAL DEDUCTIONS** | | |
| **NET PAY** | | |

### IMPORTANT NOTES

The Wyoming Retirement System (WRS) in partnership with Northern Trust (NT) is pleased to provide you with your 2019 end of year statement. Please note that your end of year statements and 1099R tax forms will now be sent directly from NT on behalf of WRS. This statement shows the info CURRENTLY on your account and allows you to make changes, if needed. PLEASE DO NOT RETURN THIS STATEMENT UNLESS YOU ARE MAKING CHANGES TO YOUR ACCOUNT INFORMATION. Changes to health insurance premiums and taxes could affect your monthly pension amount. If you have questions regarding deductions or taxes please contact the vendor or a tax professional directly. 1099R forms will be mailed by January 31. They will also be available online on or after January 31. Please visit retirement.wyo.gov for retiree payroll dates and helpful information on how to read your 1099R. Or visit pension.wyo.gov to access your online account, to review your monthly payroll statements, and 1099R forms.

### WITHHOLDING ELECTIONS
CURRENT FEDERAL WITHHOLDING ELECTIONS
**20.00% Withheld**
CURRENT AZ STATE WITHHOLDING ELECTIONS
**No Withholding**

6586/WLEP

**Federal Tax Election Form** *(Please complete only one of the following)*
1. ☐ I do not want Federal income tax withheld from my payment
2. ☐ I want to have Federal income tax withheld from my payment based on the elections I have indicated below:
☐ Single ☐ Married  # of  Exemptions_____
Additional Amount Withheld $_____

*Under penalties of perjury, I certify that I am entitled to the above elections.*
Requests for flat dollar amount withholding, or any election options that are not consistent with those which are stated on this form will not be processed.

Required Signature _____ Phone # _____ Date _____

**AZ State Tax Election Form** *(Please complete only one of the following)*
1. ☐ I do not want State income tax withheld from my payment
2. ☐ I want to have State income tax withheld from my payment based on the below specified percentage.
☐ 0.8% ☐ 1.3% ☐ 1.8% ☐ 2.7% ☐ 3.6% ☐ 4.2% ☐ 5.1%

Additional Amount Withheld $_____

6586/WLEP
000001181          1220190012953772BPP000000



## WYOMING RETIREMENT SYSTEM
## LAW ENFORCEMENT PLAN

**The Northern Trust Company**
Chicago, IL through Oakbrook Terrace, IL

70-2382
719

| Payment Number | Payable Date | Reference Number | ID Number | Client / Plan |
|---|---|---|---|---|
| 0012953772 | 12-31-2019 | 000001181 | | |

**DAVE M LAUCK**

# NON NEGOTIABLE

**Your Deposit was sent to:**

| Account Type | Account # | Amount |
|---|---|---|
| Checking | ***********8282 | |

**Amount Deposited**
$*****



**This is NOT a check. This document is for informational purposes only.**

DL002940



WYOMING RETIREMENT SYSTEM
6101 YELLOWSTONE ROAD
SUITE 500
CHEYENNE, WY 82002
1-307-777-7691



| Payment Number | Payable Date | Reference Number | ID Number | Client / Plan |
|---|---|---|---|---|
| 0036166428 | 12-31-2020 | 000001181 | | |

On the reverse side of this document, you will find: Electronic Deposit Authorization, Address Correction Form, and Important Federal Tax Election Notice.

04BAYER-6586/WLEP-03-000001181-0036166428-000000831469
BMN    65861I 087368 1 1222 61139 122281 1/1 BIN:0



DAVE M LAUCK
PO BOX 4843
CHINO VALLEY AZ 86323-2736

### EARNINGS

| | THIS PERIOD | YEAR-TO-DATE |
|---|---|---|
| PENSION TRUST | | |
| GROSS PAY | | |

### DEDUCTIONS

| | THIS PERIOD | YEAR-TO-DATE |
|---|---|---|
| FEDERAL | | |
| TOTAL DEDUCTIONS | | |

### NET PAY

## IMPORTANT NOTES

The Wyoming Retirement System (WRS) in partnership with Northern Trust (NT) is pleased to provide you with your 2020 end of year statement. Please note that your end of year statements and 1099R tax forms will now be sent directly from NT on behalf of WRS. This statement shows the info CURRENTLY on your account and allows you to make changes if needed. PLEASE DO NOT RETURN THIS STATEMENT UNLESS YOU ARE MAKING CHANGES TO YOUR ACCOUNT INFORMATION. Changes to health insurance premiums and taxes could affect your monthly pension amount. If you have questions regarding deductions or taxes please contact the vendor or a tax professional directly. 1099R forms will be mailed by January 31. They will also be available online on or after January 31. Please visit retirement.wyo.gov for Retiree payroll dates and helpful information on how to read your 1099R. Or visit pension.wyo.gov to access your online account, to review your monthly payroll statements, and 1099R forms.

6586/WLEP

### WITHHOLDING ELECTIONS

CURRENT FEDERAL WITHHOLDING ELECTIONS
20.00% Withheld
CURRENT AZ STATE WITHHOLDING ELECTIONS
No Withholding

**Federal Tax Election Form** *(Please complete only one of the following)*
1. ☐ I do not want Federal income tax withheld from my payment
2. ☐ I want to have Federal income tax withheld from my payment based on the elections I have indicated below:
   ☐ Single ☐ Married # of  Exemptions_____
   Additional Amount Withheld $_____

**AZ State Tax Election Form** *(Please complete only one of the following)*
1. ☐ I do not want State income tax withheld from my payment
2. ■ I want to have State income tax withheld from my payment based on the below specified percentage.
   ☐ 0.8% ☐ 1.3% ☐ 1.8% ☐ 2.7% ☐ 3.6% ☐ 4.2% ☐ 5.1%

Additional Amount Withheld $_____

Under penalties of perjury, I certify that I am entitled to the above elections.
Requests for flat dollar amount withholding, or any election options that are not consistent with those stated on this form will not be processed.

_____    _____
Required Signature             Date

_____
Phone #

1  /  11  /  21

6586/WLEP
000001181

1222200036166428BPP000000

### WYOMING RETIREMENT SYSTEM
### LAW ENFORCEMENT PLAN

**The Northern Trust Company**
Chicago, IL through Oakbrook Terrace, IL

70-2382
719

| Payment Number | Payable Date | Reference Number | ID Number | Client / Plan |
|---|---|---|---|---|
| 0036166428 | 12-31-2020 | 000001181 | | |

## NON NEGOTIABLE

### DAVE M LAUCK

Your Deposit was sent to:

| Account Type | Account # | Amount |
|---|---|---|
| Checking | ************8282 | |

| | Amount Deposited |
|---|---|
| ➤➤➤ | $*** |

## This is NOT a check. This document is for informational purposes only.

DL002941