E. Allen Dodd, Alabama Bar #DOD011
**SCRUGGS, DODD & BRISENDINE, P.A.**
PO Box 681109
Fort Payne, AL 35968
Telephone: (256) 845-5932
eadscruggs@farmerstel.com
*Pro hac vice* attorney for plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Lauck,<br><br>                                       Plaintiff,<br><br>vs.<br><br>Campbell County, Wyoming, a jural entity; Scott D. Matheny, in his personal capacity and his official capacity as Sheriff of Campbell County, Wyoming Sheriff's Office; Charlene Rae Edwards, in her personal capacity and her official capacity as Counsel for Campbell County, Wyoming Sheriff's Office; Black Diamond Investigation and Security Inc., a Wyoming corporation; Does 1, 2 and 3,<br><br>                                       Defendants. | Case No. 3:21-CV-08036-MTL<br><br><br>**MOTION TO REMAND ACTION TO STATE COURT** |

Plaintiff David M. Lauck ("Plaintiff"), by and through his counsel of record, hereby moves to remand this action to the Superior Court of Arizona, Yavapai County, Arizona. The case involves state law claims of negligence, recklessness, intentional interference with business expectancies, publication of false and defamatory statements, and intentional casting of Plaintiff in a false light.[1] No federal questions or claims are involved. Plaintiff's motion ("Motion") is based upon the accompanying Memorandum

---

[1] *See Complaint*, Exhibit "A" to the *Notice of Removal* ("Removal Notice").

-1-

1   of Points and Authorities, and the files, records and pleadings on file in both this case and

2   the State court case, to date.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I**

**Introduction**

6   1. Plaintiff filed his action in State Court on 12/1/2020.[2]

7   2. Plaintiff filed suit against Campbell County, Wyoming, a jural entity,

8   ("CCSO"), and Charlene Rae Edwards, in her personal capacity and her official capacity

9   as Counsel for Campbell County, Wyoming Sheriff's Office ("Edwards"), Scott D.

10  Matheny, in his personal capacity and his official capacity as Sheriff of Campbell County,

11  Wyoming Sheriff's Office ("Matheny") with his Notice of Claim, and Black Diamond

12  Investigation and Security, Inc.

**Service Dates for Plaintiff's Summonses**

14  3. Plaintiff served CCSO with the Summons, *Complaint*, Certificate of

15  Compulsory Arbitration and Civil Cover Sheet on 1/19/2021.[3]

16  4. Plaintiff served Matheny with the Summons, *Complaint*, Certificate of

17  Compulsory Arbitration and Civil Cover Sheet on 1/18/2021.[4]

18  5. Plaintiff served Edwards with the Summons, *Complaint*, Certificate of

19  Compulsory Arbitration and Civil Cover Sheet on 1/18/2021.[5]

20  6. Plaintiff served Black Diamond with the Summons, *Complaint*, Certificate of

21  Compulsory Arbitration and Civil Cover Sheet on 1/19/2021.[6]

---

[2]    *Id.*
[3]    *See* Exhibit "A" hereto.
[4]    *See* Exhibit "B" hereto.
[5]    *See* Exhibit "C" hereto.
[6]    *See* Exhibit "D" hereto.

1    7. Plaintiff's *Complaint*, filed in State court, identified three (3) "doe" defendants

2  as residents of Arizona who engaged in certain conduct described in paragraphs 15, 16,

3  89, 92, 125, 127, 128, 130, 131, 132, 133, 136, 137, 138 and 139 of the *Complaint.*

4  **CCSO, Matheny and Edwards Did Not Remove The Action from State Court;**

5  **CCSO, Matheny and Edwards Filed Motion to Dismiss in State Court**

6    8. Defendants CCSO, Matheny and Edwards did not remove this action to federal

7  court.

8    9. Instead, on 2/2/2021, defendants CCSO, Matheny and Edwards filed their

9  motion to dismiss in State court.[7]

10    10. On 2/18/2021, defendant Black Diamond filed its own motion to dismiss in

11  State court.[8]

12  **Black Diamond Files Its Notice of Removal**

13    11. On 2/18/2021, defendant Black Diamond also filed its *Notice of Removal*

14  ("Removal Notice") in federal court.

15    12. Black Diamond's Removal Notice asserted that Black Diamond was served

16  with plaintiff's *Complaint* on 1/19/2021.[9]

17    13. Attached to Black Diamond's Removal Notice were certain exhibits: a) the

18  Complaint; b) a Statement from Owner of Black Diamond Investigations on when the

19  Company was served; c) an email from counsel for providing that "we consent to

20

21

22

23

_____

24  [7]    Removal Notice at Pages 29-39
   [8]    Removal Notice at Pages 40-61
25  [9]    Removal Notice at Page 2, ¶ 3.

1  removal… .";[10]  d) the initial pleadings filed in Arizona state court; and e) the Notice of

2  Filing of Notice of Removal filed in Arizona state court.

3                    **Deficiencies In Black Diamond's Removal Notice**

4          14. However, Black Diamond failed to attach copies of the Summonses filed by

5  Plaintiff to its Removal Notice.

6          15. Black Diamond also failed to attach to its Notice of Removal the Arizona state

7  court order er granting *Pro Hac Vice* Admission – filed 2/9/2021 – granting *pro hac vice*

8  admission to counsel E. Allen Dodd, Jr.

9       **CCSO, Matheny and Edwards Did Not Join In Black Diamond's Removal**

10         16. No other defendant ***joined*** in Black Diamond's Removal Notice.

11         17. Also, as noted, Defendants CCSO, Matheny and Edwards did not file Notices

12  of Removal.

13         18. When Black Diamond's Removal Notice was filed, Matheny and Edwards

14  were barred from filing their own notice of removal.

15         19. Matheny and Edwards were required by Fed. R. Civ. P. 28 U.S.C. §1446(b) to

16  file notices of removal no later than February 18, 2021, and CCSO was required by Fed.

17  R. Civ. P. 28 U.S.C. §1446(b) to file a notice of removal not later than February 19, 2021.

18         20. CCSO, Matheny and Edwards not only failed to file Notices of Removal, those

19  defendants also failed to file a ***joinder*** in Black Diamond's removal.

20         21. Black Diamond was dismissed with prejudice from the action on March 15,

21  2021 (Doc. 12).

22

23  [10]      The email does not reference this litigation by case number or style, nor does it
24  reference the Defendants in this action, nor does it even indicate which parties – if any –
    the email author represents. The author of the email John (J.J.) Daller - did not file an
25  appearance until after the purported "consent email" was provided.

## II

## Legal Authorities And Argument

### The CCSO Defendants Did Not Join In The Removal Filed By Black Diamond

The burden is on the CCSO, Matheny and Edwards to establish that removal of the current action is proper. "We strictly construe the removal statute against removal jurisdiction." *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. 1985). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)." "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F. 2d 564

Here, the CCSO, Matheny and Edwards have failed to overcome the strong presumption *against* removal. Accordingly, the Plaintiff's motion to remand should be granted. First, CCSO, Matheny and Edwards failed to timely file a notice of removal, and are time-barred from doing so now by 28 U.S.C. §1446(b). CCSO, Matheny and Edwards also failed to ***join*** in the Notice of Removal filed by Black Diamond. "Under 28 U.S.C. § 1446(a), generally, all defendants must join in a notice of removal. *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)." *CWIAK v. Scott, Dist. Court*, D. Arizona 2010. "All defendants must join a notice of removal." *Parrino v. FHP, Inc.*, 146 F. 3d 699, 703 (9th Cir. 1998)."In general, all defendants must join in a notice of removal." *Vasquez v. North County Transit Dist.*, 292 F. 3d 1049, fn. 5 (9th Cir. 2002) citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 *fn*. 1 (9th Cir.1988)."

Further, while Black Diamond's removal paper indicate that CCSO, Matheny and Edwards "consented" to Black Diamonds' Notice of Removal, in fact the record does ***not***

1    reflect that those Defendants consented. The "consent" email, dated February 18, 2021,

2    is from John Daller to Michael Hensley.

3          The "consent" email provides  nothing more than this: "We consent to removal and

4    approve of you using this email as our consent to it."[11] That's it. There is no indication in

5    the email of the case in which the "consent" is being given. The header to the email only

6    indicates "David Lauck Litigation." The parties purportedly giving their consent to the

7    removal are not identified in the email. There is no hint in the email of who the consenting

8    parties may be. And John Daller had not appeared in this Court at the time the "consenting

9    email" was filed. Indeed, the only information that can be inferred from Daller's email is

10   that he (and presumably others from the use of the plural "we") is consenting to some

11   removal somewhere regarding someone (all unidentified) and approving of the use of the

12   email as consent to it. Daller's "consent email" does not even identify the style of the case

13   involved, the court from which the action is being removed, or the court to which the

14   action is being removed.

15         Daller's email is insufficient as a matter of law to comport with the requirements

16   of 28 U.S.C. § 1446(a). In *Proctor v. Vishay Intertechnology Inc*., 584 F.3d 1208, 1225

17   (9th Cir. 2009), the Ninth Circuit held that "[no] federal rule or statute specifically

18   prescribe a particular manner in which codefendants' joinder must be expressed… ." *Id*.

19   But the Court  noted that the consent expressed had to be the consent *of the other*

20   *defendants*: "One defendant's timely removal notice containing *an averment of the other*

21   *defendants' consent* and signed by an attorney of record is sufficient." *Id.* Again, the

22   Daller email provides no hint that a Defendant is consenting to removal, which

23

24

25   [11] See Exhibit "C" to Removal Notice (Doc. 1), also attached hereto as Exhibit "E".

1    Defendant is consenting to removal, if all Defendants are consenting to removal, or if the

2    consent in question is even apposite.

3          The same question raised in Proctor was also answered in more detail in *Myer v.*

4    *Nitetrain Coach Co.*, 459 F. Supp. 2d 1074, 1078 (W.D. Wash. 2006). In *Nitetrain*, the

5    Plaintiff contended that the consent of defendants other than the original removing

6    defendants were defective in form. The district court disagreed, and held that the

7    following letter from a consenting defendant to the removing defendant was sufficient

8    notice: "Per our conversation my understanding is that, on behalf of Nashville Coach,

9    you are going to file a motion to remove this case to federal court. ***On behalf of my***

10   ***client, Nitetrain, we consent to the removal of this case to federal court***." *Id.*, at 1078

11         Where the *Nitetrain* Court found that no dispute of the Defendant's consent could

12   be argued from the quoted letter, the Daller email in this case– again – provides no

13   information identifying what removal, what client, or what court the email is intended to

14   reference. That is, whether Daller's email is the consent of the Defendants to removal is

15   more than arguable: argument from that email is inevitable. Respectfully, where the

16   Defendants have the heavy burden of proving that the matter should be removed, a casual

17   email with no references at all to which court, which lawsuit, and which defendants are

18   consenting to what does not meet that burden.

19         Accordingly, the Plaintiff's motion to remand should be granted.

20              **Black Diamond's Notice of Removal Was Legally Insufficient**

21         This action was not properly removed in any event. Black Diamond's Notice of

22   Removal failed to comply with 28 U.S.C. §1446(a).

23

24

25

1  28 U.S.C. § 1446(a)[12] requires that the party removing an action from a State court

2  "shall file" in the district court "a notice of removal signed pursuant to Rule 11 of the

3  Federal Rules of Civil Procedure and containing a short and plain statement of the grounds

4  for removal, together with a copy of **all process**,[13] **pleadings**,[14] and **orders** served upon

5  such defendant or defendants in such action (emphasis added)."  In its Removal Papers

6  Black Diamond failed to file the copies of any process served upon any defendant.

7  Nowhere in any of the exhibits is a copy of the "process."  The Removal Notice does not

8  contain a copy of *any* summons served on any defendant.

9  Also, as shown at Paragraph 15 above, the Removal Notice also fails to include

10 "all" "orders" filed in the State court. The state court order dated February 9, 2021 and

11 granting a motion for Pro Hac Vice admission was also omitted from Black Diamond's

12 Notice of Removal.

13

---

14 [12]  28 U.S. Code § 1446(a) declares:

15  A defendant or defendants desiring to remove any civil action from a State
    court shall file in the district court of the United States for the district and

16  division within which such action is pending a notice of removal signed
    pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing

17  a short and plain statement of the grounds for removal, *together with a copy
    of all process, pleadings, and orders served upon such defendant or*

18  *defendants in such action* (emph. added)*.

19 [13]  "Process" means a citation, writ or summons issued in the course of judicial
    proceedings. A.R.S. § 1-215(31); *Gonzales v. Whitney*, 90 Ariz. 324, 328, 367 P. 2d 668

20  (1961). "Process" is defined as "any means used by a court to acquire or exercise its
    jurisdiction over a person or over specific property." *Nevada v. Hicks*, 533 US 353, 364

21  (2001) citing BLACK'S LAW DICTIONARY 1084 (5th ed. 1979). A "summons" is "[a] writ
    or process commencing the plaintiff's action and requiring the defendant to appear and

22  answer." BLACK'S LAW DICTIONARY 1574 (9th ed. 2009).

23 [14]  A "pleading" is defined as "[a] formal document in which a party to a legal
    proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or

24  defenses." BLACK'S LAW DICTIONARY 1173 (7th ed. 1999). The *Complaint* and motions

25  to dismiss were attached to the Removal Notice.

1    28 U.S.C. § 1446(a) mandates that all three (3) items from the State court file –

2    "process, pleadings, and orders" – be included. One without the others does not suffice.

3    Full compliance with the terms of 28 U.S.C. § 1446(a) is the only way to accomplish a

4    successful removal. These principals were embraced by *Andalusia Enterprises, Inc. v.*

5    *Evanston Ins. Co.*, 487 F.Supp.2d 1290 (ND Ala. 2007), which held that:

6    The absence in the notice of removal of copies of the summonses served on
the defendants, uncorrected until after the thirty (30) day removal period had
7    expired, violates 28 U.S.C. § 1446(a), the statute that places limitations on
removal jurisdiction. This statute cannot be ignored as a mere technicality.
8    It provides that a removing defendant "shall file in the district court of the
United States for the district and division within which such action is
9    pending a notice of removal signed pursuant to Rule 11 of the Federal Rules
of Civil Procedure and containing a short and plain statement of the grounds
10   for removal, together with a copy of all process, pleadings, and orders served
upon such defendant or defendants in such action". (emphasis supplied).
11   There is no distinction made between "process", "pleadings" and "orders".
The statute mandates that all three items from the state court file be included.
12   One without the others does not suffice. The statute is not a mere suggestion.
The word "shall" is pregnant with meaning. Without repeating the arguments
13   for not considering realignment unless the absolute necessity for realignment
14   appears from the removal papers, § 1446(a) not only requires certain
documents to be attached, but requires a "plain statement of the grounds for
15   removal". These words do not allow the removing defendant to rely on
"grounds for removal" that can be deduced or that are not invoked by the
16   removing defendant until after his time for removal has elapsed. Full
17   compliance with the terms of § 1446(a) is the only way to accomplish a
successful removal. Only after a timely motion to remand was filed in this
18   case, pointing out the absence of "process", and after the time for removal
had expired, did Penn-American purport to amend its notice of removal to
19   include the "process". This attempt to remedy a fatal procedural defect came
20   too late. Evanston, of course, was also late in filing its motion for
realignment.
21

22   *Id.*

23

24

25

**Conclusion**

The time for removal by Matheny and Edwards expired on 2/17/2021. The time for removal by CCSO and Black Diamond expired on 2/18/2021. CCSO, Matheny and Edwards have not filed a Removal Notice.

In short, not only did the CCSO, Matheny and Edwards fail to timely remove this action, CCSO, Matheny and Edwards never filed any removal papers at all. CCSO, Matheny and Edwards never **_joined_** in the Notice of Removal filed by Black Diamond, and any purported "consent to removal" filed by CCSO, Matheny and Edwards is insufficient as shown above. Further, the underlying Notice of Removal filed by Black Diamond was fatally defective in the first instance. The failure to comply with 28 U.S.C. § 1446(a) is fatal. The absence of a copy of any summons served by Plaintiff in the Black Diamond Removal Notice is fatal. The absence of a copy of the *Pro Hac Vice* Order is fatal.

It is too late for CCSO, Matheny and Edwards to remove this action, and too late for those Defendants to join in Black Diamond's fatally defective removal. It is too late for CCSO, Matheny and Edwards to attempt to cure the fatal defects. The provisions of § 1446(a) would be virtually meaningless if a removing defendant can cure a fatal error at any time after the time for remand has expired and before an order of remand is entered. Full compliance with the terms of 28 U.S.C. § 1446(a) is the only way to accomplish a successful removal. Full compliance did not occur here.

For all the foregoing reasons, plaintiff respectfully requests that his Motion be granted, and this action be remanded to the State court.

Dated the 22nd day of March 2021.

SCRUGGS, DODD & BRISENDINE, P.A.
By */s/E. Allen Dodd*
E. Allen Dodd, attorney for plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March 2021, I caused the foregoing document to be filed electronically submitted to the Clerk of Court through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael E. Hensley, Esq./Petra Lonska Emerson, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
40 N Central Ave #2700
Phoenix, AZ 85004
Telephone: (602) 263-1700
mhensley@jshfirm.com
Attorneys for defendant Black Diamond

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Erica K. Rocush, Esq./John James Daller, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
2929 North Central Avenue, Suite 1700
Phoenix, AZ 85012
Telephone: (602) 385-1069
John.Daller@lewisbrisbois.com
Attorneys for defendants CCSO, Edwards & Matheny

SCRUGGS, DODD & BRISENDINE, P.A.
By */s/E. Allen Dodd*
E. Allen Dodd, attorney for plaintiff

///

-11-